MANUEL MARTINUS v. THE STATE.

No. 3166.   Decided January 18, 1905.

1.—Burglary—Indictment—Variance.

Where a count in the indictment, which was submitted to the jury, alleged the burglary of a house at night, and the proof showed that the house burglarized was a private dwelling, the variance was fatal.

2.—Same—Separate Offenses.

A daytime burglary of a house, or the night-time burglary of a house, is a distinct and separate offense from the night-time burglary of a dwelling house.

Appeal from the District Court of Bell.   Tried below before Hon. John M. Furman.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant has reached the reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.   The only question we need consider is an alleged variance between the indictment, or the count of the indictment under which appellant was convicted, and the evidence. The indictment charges appellant with burglary in two counts: the first count charging the burglary of a private residence at night, and the second count charging the burglary of a house at night.   The court submitted only the last count in the indictment, and appellant was convicted under that count.   The evidence shows unquestionably that the house alleged to have been burglarized, and which appellant is shown to have entered by force, was a private dwelling, where a family resided. Consequently there was a variance between the allegations of the count under which appellant was convicted and the evidence in the case.   The qustion here presented was passed upon in Osborne v. State, 2 Texas Ct. Rep., 172; Cleland v. State, 2 Texas Ct. Rep., 172; and Harvey v. State, 2 Texas Ct. Rep., 171.   However, those cases were subsequently overruled upon another question in Williams v. State, 2 Texas Ct. Rep., 359.   Holland v. State, 7 Texas Ct. Rep., 912.   The authorities hold that a daytime burglary of a house or the night-time burglary of a house, is a distinct and separate offense from the night-time burglary of a dwelling house; and if on an ordinary indictment for burglary of a house, the evidence shows without any controversy that the house was a dwelling house, where a family resided, there is a variance and the conviction cannot be sustained.   This is analogous to cases where the indictment charges general theft, and the proof shows it was a theft

committed from the person. In such case there is a variance. Harris v. State, 17 Texas Crim. App., 132; Gage v. State, 22 Texas Crim. App., 123; Dalton v. State, 27 S. W. Rep., 259; Nichols v. State, 28 Texas Crim. App., 105.

The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*