Martin Foster v. The State.

No. 11618.  Delivered May 16, 1928.
Rehearing granted October 10, 1928.

The opinion states the case.

*Oliver Cunningham* of Abilene, for appellant.  On variance in burglary of private residence, appellant cites: Jones v. State, 47 Tex. Crim. Rep. 126; Martinus v. State, 47 Tex. Crim. Rep. 528; Miller v. State, 81 Tex. Crim. Rep. 237; Robinson v. State, 200 S. W. 162 and Dodd v. State, 1 S. W. (2d) 292.

*A. A. Dawson* of Canton, State's Attorney, for the state.

LATTIMORE, Judge.—Conviction for burglary; punishment, two years in the penitentiary.

There seems no question from the testimony but that appellant, acting with others, burglarized the house in question.  Appellant did not testify, but his written confession was introduced.  No bill of exceptions appears in the record.  The motion for new trial filed by appellant simply says that the verdict and judgment are contrary to the law and that the evidence is insufficient to sustain the verdict and

judgment. The contention of appellant on this appeal is that the evidence is insufficient because, as he insists, the indictment charged an ordinary burglary, and the evidence showed the burglary of a private residence.

There is testimony in the record showing that Ira L. Guffey, the alleged owner of the burglarized house, did live in said house with his family, and that same was therefore his residence, but no showing is made in this record that the house so burglarized was exclusively used for the purpose of a residence. For aught we know from the record the building may have been used for one or more other purposes. In the absence of any testimony supporting the contention of appellant that this house was exclusively used for residence purposes, and following the opinions of this court heretofore rendered, we find ourselves unable to agree that the case should be reversed upon the contention made. Alinis v. State, 63 Texas Crim. Rep. 272; Alinis v. State, 63 Texas Crim. Rep. 371; Shornweber v. State, 70 Texas Crim. Rep. 389.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In the light of the able motion for rehearing filed by appellant, we have again examined the record. The witnesses spoke of the house burglarized as the "home," the "residence," of Mr. Guffey, and we observe that Mr. Guffey testified that he lived there with his family. No testimony is found indicating that said house was other than a private residence, or that it was entered by appellant and his companions in the daytime. We have concluded that we did not correctly state in our opinion what should be the rule in such case. When the testimony shows that the house is a private residence, and that the burglary was at night, and same is not controverted by other testimony, the case should be treated and held to be one of burglary of a private residence,—conviction for which offense can not be under an indictment charging burglary in the ordinary form. Jones v. State, 47 Texas Crim. Rep. 126; Martinus v. State, 47 Texas Crim. Rep. 528; Miller v. State, 81 Texas Crim. Rep. 237. Being of opinion that we erred in holding that where there was no affirmative evidence showing the house to be exclusively used as a private residence, an affirmance should be ordered, we are now of the opinion that there being no controversy

in the testimony of the fact that the alleged burglarized house·was a private residence occupied by a family, and that same was burglarized at night, the conviction could not be upheld. The motion for rehearing is granted, the judgment of affirmance is set aside, and the cause is now reversed and remanded.

*Reversed and remanded.*