Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Burglary is the offense; penalty assessed at confinement in the penitentiary for two years.

Floyd Vaughn, his wife and child resided at a place near Marble Falls. They lived in a tent with a top and four walls, with a door for the purpose of going in and out. The door was fastened with a nail on the inside and a big wire hook. On the night of April 27, 1932, after retiring, the witness heard the voices of persons around the tent and recognized those of Leslie Terry and Bill Martin. The Vaughn family left the tent, and upon their return the same night, found the tent torn down. The appellant was recognized as one of the offenders.

That a tent may be a house within the meaning of the law is not open to serious question. See Chapin v. State, 107 Tex. Cr. R. 477, 296 S. W. 1095, 1096, and authorities cited.

It was after dark when Vaughn and his family left their premises, and it was during the night that they returned thereto.

Appellant claims that the offense was not simply burglary, but burglary of a private residence at nighttime.

In Tex. Jur. vol. 7, p. 802, it is said:

"If the evidence shows an entry of a private residence during the nighttime, a conviction is not sustainable unless the indictment charges the offense of burglary of a private residence at night. The accused may not be convicted of ordinary burglary; nor, under an indictment charging ordinary burglary may he be convicted for the burglary of a private residence at night. Furthermore, a conviction for ordinary burglary may not be had under an indictment charging a night-time burglary of a private residence."

" 'The ordinary burgary indictment will not support a conviction for breaking a private residence, nor will an indictment for breaking a private residence sustain a conviction for any other burglary, either day or night.' "

In support of the appellant's position, the case of Foster v. State, 110 Tex. Cr. R. 594, 9 S.W.(2d) 1037, is cited by him and is regarded as supporting his contention. Under the circumstances, the conviction for burglary in the ordinary form cannot be sustained.

The judgment is reversed, and the cause remanded.

## WILCOXSON v. STATE.
### No. 15792.

Court of Criminal Appeals of Texas.
Feb. 8, 1933.

Rehearing Denied March 22, 1933.

Sisco & McCullough, of McKinney, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge. .

The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for one year.

The record is before us without a statement of facts or bills of exception. No question is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

HAWKINS, Judge.

The only thing found in the motion for rehearing which, if true, would be available to appellant, is a suggestion that the indictment charged no violation of the law. We perceive no vice in the indictment and appellant has pointed out none.

The motion for rehearing is overruled.