DAN SMITH v. THE STATE.

No. 16419. Delivered March 7, 1934.
Rehearing Denied May 2, 1934.

The opinion states the case.

*Frank Judkins*, of Eastland, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, two years in the penitentiary.

There are no bills of exception in the record, the only question being the sufficiency of the testimony. We might set it out at length and burden the books with a long opinion,—for there were a number of witnesses testifying for the State to a condition which, if believed by the jury, made out a case of guilt, and on the other hand a number of witnesses testified to a state of facts which, if believed, would exculpate the accused,—but deem it unnecessary. The house in question was burglarized on the night of the 27th of January, 1933, and a cook stove taken therefrom, among other articles. Evidently because of the size of the stove the thieves found it necessary to break off some frame work on the back of the stove in order to get it out at a door. They left the broken part in the building. Next morning appellant was in possession of a stove, and that part of the broken fragment left in the building fitted into said stove. Appellant lived a good many miles away from the burglarized house. Witnesses testified to seeing him in the neighborhood of the burglarized house rather late on the night in question in a car, to which was attached a trailer. Car tracks were observed going down in the neighborhood of said burglarized house, soon after the burglary. The court properly submitted the case to the jury on the law of circumstantial evidence. There is no testimony showing that appellant made any explanation of his possession of the stove when first found in possession of

it. On the trial of the case he testified that he bought it. These matters of fact were for the jury, and they have solved them adversely to appellant. We have no doubt of the fact that there is sufficient testimony in the record to justify the jury's conclusion of guilt.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The indictment charged that appellant burglarized a house occupied and controlled by Mrs. M. A. Smith (not related to appellant.) It is appellant's contention that the evidence shows that the offense committed was the burglary of a private residence at night, whereas the offense charged was only ordinary burglary. The statement of facts reveals that the house in question was a residence which belonged to Mrs. M. A. Smith, but not occupied by her or anyone else at the time of the burglary. She lived in Breckenridge, while the burglarized house was twelve or fourteen miles west of that city. She testified that the burglarized house was a residence, but was temporarily vacant; that she had seen the house and been to it about three or four days before it was entered. Appellant seems to draw the conclusion that Mrs. Smith actually occupied the house as a residence at the time of the burglary, and had only been temporarily away from it three or four days. We do not so understand the evidence. A son of Mrs. Smith testified that his mother "had not been there for several years." The record does not reveal who had been occupying the house since Mrs. Smith had left it, but it seems to have been actually occupied as a residence by no one when the burglary occurred. Under the evidence we think a conviction could not have been sustained for the offense denounced in article 1391, P. C., as burglary of a private residence, such being one "actually used at the time of the offense by any person as a place of residence." We believe under the facts those cases such as Handy v. State, 46 Texas Crim. Rep., 406, 80 S. W., 526, which hold that a temporary vacancy would not render the statute inoperative, have no application.

Appellant's motion for rehearing is overruled.