### WILLIE CRAWFORD v. THE STATE.

No. 17158.   Delivered January 23, 1935.
Reported in 78 S. W. (2d) 623.

The opinion states the case.

*Cecil R. Glass* and *John C. Patterson,* both of Marlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for burglary; punishment assessed at two years in the penitentiary.

The indictment charges that appellant broke and entered a house occupied and controlled by Juan Samanigo with the intent to steal therefrom property belonging to Samanigo, and negativing by proper averments want of consent. It charged an ordinary burglary. Appellant advances the proposition that the evidence shows that if the house was burglarized it was the private residence of Samanigo and was entered in the night time, and that conviction for burglary of a private residence at night can not be sustained under an ordinary indictment for

burglary. The witnesses continually referred to the "house" as that of Juan Samanigo, and by him was referred to as his "home." The record shows that he and his wife were living there and that his wife had been taken to a hospital from the "home" on the night that the burglary is claimed to have occurred. Without further stating the testimony in detail it appears almost conclusive that if the home of Samanigo was burglariously entered it must have been done in the night time.

Article 1391, P. C. defines the offense of burglary of a private residence at night and fixes the penalty therefor much higher than the ordinary burglary of a house, and in the very article defining the offense of a burglary of a private residence at night states that "such burglary is a distinct offense, and nothing making it such shall alter or repeal the two preceding articles," which articles define ordinary burglary. It has been the consistent holding of this court since the offense of burglary of a private residence at night was defined and a different penalty from ordinary burglary attached thereto, and the proof showed a night time burglary of a private residence, a conviction could not be sustained under an indictment which charged only ordinary burglary. See Dodd v. State, 108 Texas Crim. Rep., 375, 1 S. W. (2d) 292; Foster v. State, 110 Texas Crim. Rep., 594, 9 S. W. (2d) 1037; Martin v. State, 57 S. W. (2d) 1104. Many other cases will be found referred to in the opinions in the three cases cited, and also will be found annotated in volume 7, Texas Jurisprudence, at p. 802, sec. 53.

If the evidence is not conclusive that the house was entered in the night time then unquestionably the evidence would raise such issue, and it should have been submitted to the jury. The omission was pertinently called to the court's attention by exceptions to the charge in the following language:

"3. Because the court erred in charging on simple or ordinary burglary when the evidence shows that the offense charged, if any, was the burglary of a private residence.

"4. Because the court erred in not charging that if the jury believed if the entry was made by night and it was a private residence they should find the defendant not guilty."

"9. Because of the insufficiency of the evidence to convict defendant on the crime charged, as the evidence shows a different offense than that charged in the indictment there exists a variance between the indictment and the proof."

It follows that a reversal of this case is demanded whether

the evidence only raises the issue of the burglary of a private residence at night, or whether the evidence conclusively shows that the house burglarized was the private residence of Juan Samanigo, and was entered at night.

Other questions are presented for review, but having reached the conclusion that the judgment must be reversed for the reasons already assigned it is unnecessary to discuss the other points.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*