TOMAS CONVERSE v. THE STATE.

No. 21237. Delivered March 5, 1941.

The opinion states the case.

*Julian La Crosse,* of Del Rio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

The conviction is for burglary; the penalty assessed is confinement in the penitentiary for two years.

The judgment of conviction was affirmed at a former day of this term. In his motion for rehearing appellant urgently insists that we reached a wrong conclusion in our original opinion.

Articles 1389 and 1390 of the Penal Code define ordinary burglary. Article 1391, P. C., defines burglary of a private residence *at night,* defines a private residence, fixes the punishment, and then as a part of said article, provides: "Such burglary (that is, of a private residence *at night*) is a distinct offense, and nothing making it such shall alter or repeal the two preceding articles." Article 1396 of the Penal Code reads:

"By 'daytime' is meant any time of the twenty-four hours from thirty minutes before sunrise until thirty minutes after sunset."

The first count in the indictment alleged burglary by force and breaking which was sufficient to charge either a daytime or nighttime burglary. The second count charged a nightime burglary of the private residence of L. R. Emerson; and the third count charged the daytime burglary of the private residence of said Emerson.

The court may take judicial knowledge that at the time of the burglary and in the locality where it occurred the sun set at twenty-two minutes after six o'clock. Thirty minutes later would make the night begin at 6:52 o'clock. The evidence shows without controversy that the house entered was the private residence of Mr. Emerson. It is not necessary to set out the evidence relating to the time at which the entry occurred. The evidence raised an issue upon this point and leaves it uncertain as to the time the burglarious entry was made. If appellant went into the house before 6:52 o'clock, it was daylight burglary; if he went into the house after 6:52, it was nightime burglary of a private residence. The trial court would have been authorized to submit both the first and second counts to the jury under the evidence. Appellant's counsel very frankly concedes that if this had been done, the evidence would have supported a finding of guilt upon either count and left appellant without just cause of complaint.

The trial court submitted only the first count, expressly directing the jury to disregard the other counts in the indictment. When the charge was presented to counsel, he filed written objections thereto:

"2. Because said charge fails to instruct the jury that if under the evidence they find and believe that the house alleged to have been burglarized was the private residence of the injured party L. R. Emerson, that it would be the duty of said jury to acquit the defendant under the first count of the indictment if such burglarious entry, if any, occurred at nighttime, for the purpose of committing theft or other felony."

"3. Because said charge fails to tell the jury that if they have a reasonable doubt as to whether the burglarious entry, if any, was of the private residence of the alleged injured party, L. R. Emerson, at nighttime, for the purpose of committing theft or other felony, (as nighttime should be defined in the charge)

then that it would be the duty of the jury to acquit the defendant under the first count."

Counsel further concedes that if the court had responded to the foregoing objections and given the instructions suggested and the finding of the jury had been against appellant, there could have been no valid complaint under the evidence before them.

The first case involving what is now Article 1391, P. C., was Osborne v. State, 42 Texas Cr. R. 557, 61 S. W. 491, decided shortly after said article came into our statute. It was there held that when the evidence showed burglary of a private residence, a conviction could not be had under an indictment charging ordinary burglary. This holding was corrected in Williams v. State, 42 Texas Cr. R. 602, 62 S. W. 1057, which pointed out that a daytime burglary of a private residence could be sustained under an ordinary indictment for burglary. In Martinus v. State, 47 Texas Cr. R. 528, 84 S. W. 831, it was pointedly held that where the evidence showed a burglary *at night* of a private residence, a conviction therefor could not be had under an ordinary indictment for burglary. So far as we are advised, there has never been a departure from such holding. Some of the later cases are: Dodd v. State, 108 Texas Cr. R. 375, 1 S. W. (2d) 292; Foster v. State, 110 Texas Cr. R. 594, 9 S. W. (2d) 1037; Martin v. State, 123 Texas Cr. R. 82, 57 S. W. (2d) 1104; Crawford v. State, 127 Texas Cr. R. 550, 78 S. W. (2d) 623. See also authorities cited in Branch's Ann. Texas P. C., pp. 1289 and 1290; 7 Tex. Jur. p. 802, sec 52, and authorities thereunder.

The Crawford case last above cited appears to be direct authority supporting appellant's contention. There, the charge was ordinary burglary. The evidence raised an issue of the burglary of a private residence *at night*. The objections urged to the court's instruction were almost identical with the ones before us in the present case. It was said in the Crawford opinion:

"If the evidence is not conclusive that the house was entered in the nighttime, then unquestionably the evidence would raise such issue, and it should have been submitted to the jury.

\*     \*     \*

"It follows that a reversal of this case is demanded whether the evidence only raises the issue of the burglary of a private residence at night, or whether the evidence conclusively shows that the house burglarized was the private residence of Juan Samanigo, and was entered at night."

We are not unmindful of the holding in Hopkins v. State, 61 Texas Cr. R. 590, 135 S. W. 553, in which the opinion on rehearing seems in part at least to be predicated on the proposition that if the trial court erred in submitting ordinary burglary only, it was to appellant's advantage and therefore no ground of complaint existed. We think such a position is not sound, and in so far as the Hopkins case holds contrary to the views herein expressed, the same is overruled.

In the present case, the evidence raises an issue of fact which the jury alone has the right to settle. Instead of permitting the jury to determine it under proper directions as to the law, the court declined to submit the issue to the jury at all and thereby in effect himself passed upon the question of fact. It may be that the court believed it was really to the benefit of appellant, as the penalty permitted under ordinary burglary is much less than that of burglary of a private residence at night. But it is appellant's contention that if the burglary here under investigation was a nighttime burglary of a private residence, it was a complete bar to *any* conviction for ordinary burglary. It being beyond dispute that the house entered was a private residence, then it is appellant's further contention that it was a question of fact under the evidence whether the burglarious entry occurred at night and that he was entitled to have the jury determine that issue of fact under an instruction to acquit appellant under the count of the indictment submitted if they found the burglary occurred at night.

The legal question involved appears to be the same as that dealt with in Jarrott v. State, 96 Texas Cr. R. 239, 257 S. W. 256, where the accused was prosecuted for theft from the person and contended that under the evidence he was entitled to an instruction directing an acquittal if the property was taken by robbery. This court said:

"We suggest that, in the event of a retrial, if the evidence fairly raises the issue that the money was taken as a result of violence, and after resistance on the part of Kline it should be submitted to the jury under appropriate instructions, as he could not be convicted of robbery under an indictment charging theft from the person."

Having become convinced on further consideration that we reached an erroneous conclusion originally, the appellant's motion for rehearing is granted, the judgment of affirmance is set aside and the opinion so announcing is withdrawn and the

present opinion substituted therefor, and the judgment of the trial court is now reversed and the cause remanded.