Leroy **PIERCE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 39603.

Court of Criminal Appeals of Texas.

April 27, 1966.

Rehearing Denied June 1, 1966.

Two prior convictions of appellant for felonies less than capital were also alleged for enhancement and stipulated by the parties at the trial.

It was shown by the state's testimony that the prosecuting witness, Strohmer, lived in an apartment in the city of Houston. The witness testified that when he woke up on the morning of January 21, 1965, at approximately seven o'clock, he discovered that his television set was missing. Upon investigation it was ascertained that someone had broken into the apartment and had taken the television set. The witness stated that when he retired the apartment was locked; that he did not give appellant permission to break into the apartment and take the set; and that he later received the television set back from the police department.

It was further shown by the state's testimony that subsequent to the date of the burglary, appellant sold the missing television set to the witness Holcomb.

In a conversation with Officer Black which led to the recovery of the stolen television, appellant orally confessed that he had committed the burglary.

Appellant did not testify or offer any evidence in his behalf.

Appellant's sole contention on appeal is that the court erred in entering judgment finding him guilty of ordinary burglary, as defined in Arts. 1389 and 1390, V.A.P.C., because the proof showed that if any offense was committed it was burglary of a private residence at night, as defined in Art. 1391, V.A.P.C., which is a separate and distinct offense.

While it is held that burglary of a private residence at night is a separate and distinct offense from that of ordinary burglary, we do not agree that the evidence is insufficient to support the conviction.

There is no direct proof that the burglary was committed at night.

M. Gabriel Nahas, Jr., Raeburn Norris, Houston, for appellant.

Carol S. Vance, Dist. Atty., Ted Hirtz and Gerald Applewhite, Asst. Dist. Attys., Houston, Texas and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for burglary; the punishment, enhanced under Art. 63, Vernon's Ann.P.C., by reason of two prior convictions for felonies less than capital, life imprisonment.

The indictment charged the burglary of a house occupied and controlled by John Strohmer.

Although an issue was raised by the evidence as to whether the burglary was committed at night or in the daytime, no request was made by appellant that such issue be submitted to the jury.

"Daytime" is defined in Art. 1396, V.A. P.C., of the burglary statute as meaning "any time of the twenty-four hours from thirty minutes before sunrise until thirty minutes after sunset."

█ The term "nighttime," as it relates to burglary, means any time of the twenty-four hours from thirty minutes after sunset until thirty minutes before sunrise. Parrish v. State, 134 S.W.2d 271.

This court can take judicial notice that sunrise on January 21, 1965, in the city of Houston was at 7:16 a. m. Converse v. State, 141 Tex.Cr.R. 273, 148 S.W.2d 424.

█ Under the state's evidence, the burglary could have been committed within the thirty minutes before sunrise and therefore in the daytime.

The judgment is affirmed.

Opinion approved by the Court.