489 S.W.2d 923 (1973)
Larry CHAPPEL and Felix Hornsby, Appellant,
v.
The STATE of Texas, Appellee.
No. 45481.
Court of Criminal Appeals of Texas.
January 10, 1973.
Rehearing Denied February 21, 1973.
Rollin Khoury, Waco, Court Appointed for Larry Chappell.
*924 Paxton King Littlepage, Mart, Court Appointed for Felix Hornsby.
Martin D. Eichelberger, Dist. Atty., Kenneth H. Crow, O. F. Jones and Randall Sellers, Asst. Dist. Attys., Waco, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION
ONION, Presiding Judge.
These appellants were jointly tried and convicted of robbery by firearms and the punishment was assessed at 27 years in each case.
The record reflects that Cledis Weatherford and his wife, Sandra, were robbed of money at gun point at the Bar X Motel in Waco in the early morning hours of October 13, 1970. Weatherford was shot twice in the head and his wife was shot in the back. Weatherford identified both Chappell and Hornsby as two of the men who participated in the robbery and his wife identified Hornsby.
Initially each appellant urges that the "Trial Court erred when it failed to find that, based on the totality of the circumstances, the lineup identification was conducted under procedures which were so unnecessarily suggestive and conducive to mistaken identification of Appellant, that he was denied due process of law."
Appellants noted that this "challenge is made independent of any challenge which might have been made under Wade and Gilbert violations,"[1] but is a due process violation. See Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967); Graham v. State, 422 S.W.2d 922, 924 (Tex.Cr.App.1968); Martinez v. State, 437 S.W.2d 842, 846 (Tex.Cr.App. 1969); Perryman v. State, 470 S.W.2d 703, 707 (Tex.Cr.App.1971).
The facts surrounding the lineup were not as well developed as perhaps they may have been, and what was developed, was developed piecemeal. In fact, it is difficult to determine whether there was one or two lineups. Sandra Weatherford testified the lineup she viewed occurred about a week or ten days after the robbery on October 13, 1970 or "about October 24, 1970" in the basement of the Waco Police Station. Her identification was only of the appellant Hornsby. Cledis Weatherford testified that he made an identification of Hornsby in one lineup and Chappell in another, although most of his testimony related to the lineup he viewed with his wife. Officer McBride testified the lineup occurred on October 22, 1970, and that both victims identified both Hornsby and Chappell in that lineup.
The record reflects that the appellants were arrested on October 21, 1970 and taken before a magistrate and given warnings in accordance with Article 15.17, Vernon's Ann.C.C.P. Without further warnings and without counsel, they appeared in a lineup or lineups in which they were identified. The lineup or lineups consisted of six men similarly dressed and there is nothing to show that the officers pointed out any particular person to the robbery victims or suggested that any of the robbers were present. While the practice of allowing victims of a crime to jointly view a lineup and to make identification in each other's presence is not to be commended, and while the absence of counsel should not have been permitted in absence of waiver where formal charges have been filed,[2] we cannot conclude from *925 the totality of the circumstances that the procedures used were so unnecessarily suggestive and conducive to mistaken identification that due process was violated.
Even if it can be argued that due process was violated in the procedures used, there are other reasons why no error is presented.
Prior to permitting an in-court identification of the appellant Hornsby by Sandra Weatherford, the jury was removed and a separate hearing was conducted to determine if the in-court identification was tainted by the pre-trial lineup identification. At such hearing, Mrs. Weatherford testified her identification was based solely upon her observations at the time of the robbery where she had an opportunity to observe the appellant Hornsby for a period of five minutes in a well lighted motel office while he held a gun on her. She related that her identification was not influenced by her lineup identification. After such hearing, the court made its findings that the in-court identification was not tainted by the lineup identification.
In the presence of the jury, Mrs. Weatherford identified Hornsby. The State made no attempt to bolster such identification by eliciting testimony concerning the lineup. The witness did not identify Chappell and, in fact, said she could not identify him.
Subsequently, Cledis Weatherford, without objection, made in-court identifications of both appellants in the jury's presence. On cross examination, the appellants elicited from him the fact of the lineup identifications. After such testimony had been injected by the defense, the jury was retired and the court heard evidence as to the circumstances surrounding the lineup from Officer McBride. At the conclusion of such hearing, the court found the in-court identifications made by Mr. Weatherford, without objection, to be untainted by the lineup identifications.
Under the circumstances, no error is shown, even if it can be contended that the procedures utilized at the lineup were violative of due process.
Appellants further urge that there was suppression of evidence in this: that the complaining witness related that all those in the lineup were wearing white coveralls and at the hearing on the motion for new trial the State offered a picture of the lineup showing none of the participants wearing white coveralls.
Cledis Weatherford did testify that all participants in the lineup wore white coveralls. At the hearing on the amended motion for new trial on behalf of the appellant Hornsby alone, which was more a colloquy at the bench than a hearing, the State offered a photograph of a lineup asserting, without laying a predicate, that it was a picture of the lineup in which Hornsby was "picked." No witness in a position to identify the photograph was offered and we find no ruling of the court admitting the same.
If the photograph is properly before us, we do not conclude reversible error is presented. While the prosecutor should correct testimony known to be false, the appellant cannot claim suppression of evidence if the facts allegedly withheld were within his knowledge. Means v. State, 429 S.W.2d 490, 496 (Tex.Cr.App. 1968). Appellant Hornsby asserts he was present during the lineup and would have had firsthand knowledge of just how the participants were dressed.
The appellant Hornsby also contends the court erred in failing to grant a new trial when it was disclosed that State's witnesses Weatherford and Officer McBride falsely testified that only the victims and police officers were present during a lineup identification when, in fact, Attorney O. W. Sternberg was present representing someone other than appellant Hornsby.
To his amended motion for new trial, Hornsby attached an affidavit from Attorney Sternberg to the effect that on October 22, 1970, he represented one Delaney *926 Waggoner, who was placed in a lineup with Hornsby, who was not represented by counsel.
The complaining witness and the police officer (in the jury's absence) testified that the victims of the offense and police officers were the only ones present at the lineup where the appellant Hornsby was identified. Weatherford was not positive as to the date of the lineup but believed it to be some eight days after the robbery on October 13, 1970, and remembered viewing two lineups.
The affidavit attached to the motion for new trial was not self-proving, and it was not introduced at the hearing on the motion for new trial nor did Attorney Sternberg testify.
Since the appellant Hornsby was apparently in several lineups, we cannot agree that the State suppressed evidence by failing to correct allegedly false testimony when given. In light of failure of proof, we cannot agree that the court erred in overruling the motion for new trial.
The judgments are affirmed.
NOTES
[1] United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). See Kirby v. Illinois, 402 U.S. 995, 91 S.Ct. 2178, 29 L.Ed.2d 160 (1971), holding that Wade and Gilbert are applicable only to lineups conducted after formal charges are filed.
[2] Cf. Kirby v. Illinois, supra. In the instant case, it is not clear that formal charges had been filed at the time of the lineup.