Herbert Lee JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 50769.

Court of Criminal Appeals of Texas.

Jan. 21, 1976.

Jim B. Brown, Canyon, for appellant.

Randall Sherrod, Dist. Atty., Richard L. Wilcox, Asst. Dist. Atty., Canyon, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal is taken from a conviction in a bench trial for the burglary of a habitation under V.T.C.A. Penal Code, Sec. 30.02, wherein the punishment was assessed at ten (10) years' confinement in the Department of Corrections.

Among appellant's grounds of error are contentions that testimony of the accomplice witnesses was not corroborated and that the evidence was insufficient to show that the structure involved was in fact a habitation as defined by the Penal Code.

In connection with the corroboration question, we observe that appellant took the stand in support of his motion, for probation and made a judicial confession he had burglarized the structure involved. This would clearly meet the requirements of Article 38.14, Vernon's Ann.C.C.P. See *Kennedy v. State,* 78 Tex.Cr.R. 24, 180 S.W. 238 (1915); *Scott v. State,* 167 Tex.Cr.R. 77, 318 S.W.2d 650 (1958); *Ward v. State,* 399 S.W.2d 567 (Tex.Cr.App.1966).[1]

The structure shown to have been burglarized was owned by Richard Farrell, a general contractor who lived at 2617 South Hughes in Amarillo. The burglarized structure was located at 5301 Hall, Amarillo, in Randall County. Farrell testified the house was completed and he had entered a contract of sale for the house the day before the burglary, but that possession had not changed hands. He admitted that no one was living there or had lived there. He related that there was no furniture in the house, no refrigerator, and while there were light fixtures, there may not have been "power," although there was a water connection. Farrell testified that the burglars had taken carpeting from the floor. John Wesley Wooten, an accomplice witness, tes-

1. It is true that the trial judge permitted the bench trial to be bifurcated without objection and that the appellant did not testify until the "penalty" stage of the trial. While Article 37.07, Vernon's Ann.C.C.P., does not require a bench trial to be bifurcated, cf. *Morales v. State,* 416 S.W.2d 403 (Tex.Cr. App.1967), we cannot conclude a different result should be reached in light of the authorities cited because the appellant testified after the court had found him guilty at the "guilt" stage of the trial. See and cf. *Boothe v. State,* 474 S.W.2d 219 (Tex.Cr. App.1971); *Garcia v. State,* 522 S.W.2d 203 (Tex.Cr.App.1975). We find no merit in appellant's contention that in his attempt to obtain probation by taking the stand he was denied his constitutional right to remain silent and was thus required to give evidence against himself and by his testimony cured any errors occurring during the "guilt" stage of the trial.

tified he and the appellant and others at night took carpeting from the house which was vacant and had no furniture.

V.T.C.A. Penal Code, Sec. 30.02 (Burglary), in pertinent part provides:

"(a) A person commits an offense if, without the effective consent of the owner, he:

"(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; or . . .."

This statute also provides that all burglaries under this section are felonies of the second degree except that an offense under the section is a felony of the first degree if:

"(1) the premises are a habitation; or

"(2) any party to the offense is armed with explosives or a deadly weapon; or

"(3) any party to the offense injures or attempts to injure anyone in effecting entry or while in the building or in immediate flight from the building."

V.T.C.A. Penal Code, Sec. 30.01 (Definitions), provides:

"In this chapter:

"(1) 'Habitation' means a structure or vehicle *that is adapted for the overnight accommodation of persons,* and includes:

"(A) each separately secured or occupied portion of the structure or vehicle; and

"(B) each structure appurtenant to or connected with the structure or vehicle.

"(2) 'Building' means any enclosed structure *intended for use or occupation as a habitation* or for some purpose of trade, manufacture, ornament, or use.

"(3) 'Vehicle' includes any device in, on, or by which any person or property is or may be propelled, moved, or drawn in the normal course of commerce or transportation, except such devices as are classified as 'habitation.'" (Emphasis Supplied)

Under the former Code there was the separate and distinct offense of burglary of a private residence at night. See Article 1391, Vernon's Ann.P.C., 1925.[2] It provided for a penalty of "any term not less than five years," which was considerably higher than the punishment for ordinary burglary. See Article 1397, Vernon's Ann.P.C., 1925. The statute expressly provided the "term 'private residence,' as used herein, means any building or room occupied and actually used at the time of the offense by any person as a place of residence." An essential element of the offense was that it occurred at night. The daytime burglary of a private residence was not affected by enactment of the statute, but was left an offense as a burglary of a house. 4 Branch's Ann.P.C., 2d ed., Sec. 2524.1, p. 842, and cases there cited. It was also essential under Article 1391, supra, that the evidence show that the house was a "private residence" as defined by the statute even though no one was present at the time of the offense. See *Smith v. State,* 126 Tex.Cr.R. 226, 70 S.W.2d 595 (1934); *White v. State,* 166 Tex.Cr.R. 267, 312 S.W.2d 639 (1958); *Kizer v. State,* 400 S.W.2d 333 (Tex. Cr.App.1966).

We must try to determine how closely analogous the term "habitation" in the new Penal Code is to the phrase "private residence" as defined in the former Code.

2. Article 1391, supra, provides as follows: "The offense of burglary of a private residence at night is constituted by entering a private residence by force, threats or fraud, at night, or in any manner by entering a private residence at any time, either day or night, and remaining concealed therein until night, with the intent, in either case, of committing a felony, or the crime of theft. The term 'private residence,' as used herein, means any building or room occupied and actually used at the time of the offense by any person as a place of residence. One guilty of burglary of a private residence at night shall be confined in the penitentiary for any term not less than five years. Such burglary is a distinct offense, and nothing making it such shall alter or repeal the two preceding articles."

In the Explanatory Comment on said Section 30.01 of the new Penal Code in 2 Branch's Ann.P.C., 3rd ed., p. 333, it is stated the definition of "habitation" was derived from the Model Penal Code and covers house trailers, many boats and other forms of conveyances adapted for overnight accommodations, as well as garages and outbuildings. Such comment further observed that the "concept of an increased penalty for a burglary committed in a *dwelling* is retained."

In the proposed official draft of the Model Penal Code, May 4, 1962, is found Section 221.0(1) which provides:

"In this Article, unless a different meaning plainly is required:

"(1) 'occupied structure' means any structure, vehicle or place adapted for overnight accommodation of persons, or for carrying on business therein, whether or not a person is actually present."

Under the "Status of Section" relating to said Section 221.0(1) it was observed that the definition of "occupied structure" derives from subsection (1) of Section 221.1— Burglary in Tentative Draft # 11, Model Penal Code. Said Section 221.1(1) of such proposed tentative draft provides:

"A person is guilty of burglary if, without privilege to do so, he enters any building or occupied structure, or separately secured or occupied portion thereof, with purpose to commit any crime. Occupied structure includes a ship, trailer, sleeping car, or other vehicle adapted for overnight accommodation of persons, or for carrying on business therein, whether or not a person is actually present. It is an affirmative defense to prosecution for burglary of a building that it was abandoned or so deteriorated as to be manifestly unsuited for occupancy."

In addition, it is observed a few statutes employ the concept "inhabited dwelling," which like the "occupied structure" of the Model Penal Code does not require actual presence. E. g., Ala.Code Ann., Title 14, Sec. 84 (1940); Ohio Rev.Code, Sec. 2907.09 (1959).

In the proposed revision of the Texas Penal Code by the State Bar Committee, the Preliminary Final Draft, September, 1970, defines "habitation" just as the Legislature subsequently did in the enactment of the 1974 Penal Code, which definition the Committee Comment stated was derived from Minn.Stat.Ann., Sec. 609.58, Subd. 1(2); New Hampshire Prop.Crim.Code, Sec. 580:1(III) (now repealed), as well as from the Model Penal Code. The Committee Comment in said Preliminary Final Draft states:

" 'Habitation' is broader than 'building' in that it includes vehicles that are 'adapted for the overnight accommodation of persons,' Section 30.01(1). 'Habitation' also includes garages and other outbuildings, Section 30.01(1)(B), and 'separately secured and occupied portions' of a habitation, to cover those who, while legally in an apartment building or hotel, for example, enter another's room, Section 30.01(1)(A)."

See Practice Commentary to said Sec. 30.02 to the same effect.

The Committee Comment also noted that, because the need for security is most exigent in a "habitation," the Committee graded burglary of a "habitation" a first degree felony.

■ With this background, we now turn to the question of whether the completed but vacant and unused house in the instant case with no furniture and where water but no other utilities had been connected was a "habitation" within the meaning of V.T.C.A. Penal Code, Sec. 30.02. The question would appear to turn on the phrase "adapted for the overnight accommodation of persons" or more precisely on the word "adapted."

The State cites Black's Law Dictionary for the proposition that "adapted" means "capable of use." Greater Webster Ency-

clopedic Dictionary of English Language (1967) defines the term as meaning "made suitable." Accord: The Random House Dictionary of the English Language, Unabridged Edition (1967); The Reader's Digest Great Encyclopedic Dictionary (1966). Neither phrase is particularly helpful in and of itself. Considering the background of the statute, we cannot conclude the Legislature intended for the purpose of the offense to make a "habitation" out of every structure or vehicle that could be converted in the future into overnight accommodation of persons or was "capable of use" as such. To so hold would mean that every pickup truck capable sometime in the future of having bedrolls spread in the "bed" of the truck could be subject of the offense of burglary of a "habitation." Followed to its logical conclusion, such holding would mean that almost all burglaries would be indictable as burglaries of habitations, first degree felonies. We cannot conclude the Legislature intended such result.

As the "Practice Commentary" following V.T.C.A. Penal Code, Sec. 30.02, suggests, the protection of private homes is the traditional basis for treating burglary as a separate offense from trespass, theft or felony committed after a burglarious entry. It is upon reflecting on the historical purpose of the burglary statutes and the background of the instant statute that we must reject the broadest possible interpretation of the word "adapted" used in V.T.C.A. Penal Code, Sec. 31.01, and instead conclude the term should be considered in a manner consonant with the reasons for holding that a burglar of a "habitation" should receive a higher penalty than a burglar of a "building." Though it appears that "habitation" was meant to be broader than the term "private residence" as used in the former Code, we cannot conclude that its definition is broad enough to hold that the structure in the present case was "adapted for the overnight accommodation of persons." To hold otherwise would raise the question of when a house under construction becomes a "habitation." Does it become a habitation as soon as the walls are up, the rafters in place, the siding on, or framing completed, etc., etc.? We hold that the structure or vehicle must at the time of the alleged offense have been actually "adapted for the overnight accommodation of persons" or at least at some prior time used for the overnight accommodation of persons and still "adapted for the overnight accommodation of persons."

Support for this interpretation is found in the definition of a "building" in Sec. 30.-01(2), supra. There, it was stated: " 'Building' means any enclosed structure intended *for use or occupation as a habitation* or for some purpose of trade, manufacture, ornament, or use." Thus, if the definition of a "building" as a structure "intended for use or occupation as a habitation" can have any meaning, then "habitation" cannot be construed as meaning a structure or a vehicle intended to be used as a residence or a dwelling. The conviction for burglary of a habitation in the instant case cannot stand, but we must now determine if the conviction can be upheld as a burglary of a building since the punishment assessed (10 years) is applicable to both a first and second degree felony.

It should be remembered that burglary of a private residence at night under Article 1391 of the former Penal Code was a separate and distinct offense from burglary at night of a house other than private residence as defined by Article 1390 and was a separate and distinct offense from a burglary committed in the daytime by breaking and entering any house, whether a private residence or not. 4 Branch's Ann.P.C., 3rd ed., Sec. 2524.1, p. 842, and numerous cases there cited.

Further, it was the consistent holding of this court that a conviction could not be sustained under an indictment which charged only ordinary burglary where the proof showed burglary of a private residence at night. *Foster v. State,* 110 Tex. Cr.R. 594, 9 S.W.2d 1037 (1928); *Martin v. State,* 123 Tex.Cr.R. 82, 57 S.W.2d 1104

(1933); *Crawford v. State,* 127 Tex.Cr.R. 550, 78 S.W.2d 623 (1935); *Converse v. State,* 141 Tex.Cr.R. 273, 148 S.W.2d 424 (1941). Likewise, a conviction for ordinary burglary could not be supported by an indictment charging burglary of a private residence at night. *Robinson v. State,* 82 Tex.Cr.R. 570, 200 S.W. 162, 166 (1918); *Bowie v. State,* 401 S.W.2d 829 (Tex.Cr. App.1966).

It is clear that under the former Code burglary was not a lesser included offense of burglary of a private residence at night.

In addition to eliminating any distinction between nighttime and daytime burglaries, the present Penal Code contains no language that would render burglary of a habitation such a separate and distinct offense that there could not be lesser included offenses if all other requirements are met.

At the same time the 1974 Penal Code was enacted there was a conforming amendment to Article 37.09, Vernon's Ann. C.C.P. It now reads:

"An offense is a lesser included offense if:

"(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

"(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

"(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

"(4) it consists of an attempt to commit the offense charged or an otherwise included offense."

█ In light of the above statute and the provisions of V.T.C.A. Penal Code, Sec. 30.-02, we conclude that burglary of a "building" is a lesser included offense of burglary of a "habitation" where the proof shows an enclosed structure.

█ In the instant case, while the conviction cannot be sustained as a burglary of a habitation under the facts proved, the proof is sufficient to sustain a conviction for burglary of a building. Since the penalty was assessed by the trial judge and since the punishment was ten (10) years, which falls both within the range of punishment for both a first degree felony (V.T.C.A. Penal Code, Sec. 12.32) [3] and a second degree felony (V.T.C.A. Penal Code, Sec. 12.33),[4] the conviction can be affirmed as a conviction for burglary of a building with the judgment and sentence reformed accordingly.

In light of our conclusion, we must consider appellant's contention, otherwise irrelevant, that V.T.C.A. Penal Code, Sec. 30.01, Subsection (2) is unconstitutional because it is too vague "to determine the meaning of a building intended for use or occupation as a habitation." No authority is cited, and we cannot conclude from the argument advanced that the contention has merit.

As reformed, the judgment is affirmed.

█

---

**3.** Said Section 12.32 provides that the punishment for a first degree felony shall be by confinement in the Department of Corrections for any term of not more than 99 years or less than five years. Burglary of a habitation is a first degree felony. See V.T.C.A. Penal Code, Sec. 30.02.

**4.** Said Section 12.33 provides that the punishment for a second degree felony shall be by confinement in the Department of Corrections for any term of not more than 20 years or less than two years. In addition, a fine of $10,000 or less may be imposed. Burglary of a building is a second degree felony. V.T.C.A. Penal Code, Sec. 30.02.