Boggs v. State 






Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â AFFIRMED
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â JULY 26, 1990

NO. 10-89-242-CR
Trial Court
# 25664
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

BRIAN DOUGLAS BOGGS,
Â Â Â Appellant
v.

THE STATE OF TEXAS,
Â Â Â Appellee

* * * * * * * * * * * * *

 From 249th Judicial District Court
Johnson County, Texas

* * * * * * * * * * * * *

In April 1987, appellant Brian Douglas Boggs waived his right
to a jury trial and pleaded guilty to the offense of possession of
less than twenty-eight grams of amphetamine, a controlled
substance. His punishment was assessed by the court at confinement
in the Texas Department of Corrections for five years, probated,
and a fine of $1,000, in accordance with a plea bargain agreement. 
On September 7, 1989, appellant's probation was revoked on findings
that he tested positive for marihuana on several occasions and
violated other terms of his probation. Appellant was sentenced to
serve five years in the Texas Department of Corrections.
Appellant brings this appeal on three points of error: (1)
the trial erred by appointing incompetent and inexperienced trial
counsel; (2) the trial court erred by taking judicial notice of the
order placing appellant on probation; and (3) the trial court erred
by finding appellant guilty when the State failed to prove each
allegation in its motion to revoke.
The taking of judicial notice is discretionary. James v.
State, 546 S.W.2d 306, 310 (Tex.Cr.App.1984). A trial court may
take judicial notice of its own orders, records, and judgments
rendered in cases which involve the same subject matter and which
occurred between the same parties, Wilson v. State, 518 S.W.2d 518,
523 (Tex.Cr.App.1984). The instrument containing the terms and
conditions of probation is a part of the court records. Holloway
v. State, 666 S.W.2d 104, 108 (Tex.Cr.App.1984). In our case, the
trial court took notice of the probation order, which deals with
the same subject matter and parties which are before us on appeal. 
Appellant has not demonstrated abuse of discretion by the trial
court. He asserts that the taking of judicial notice was improper
because the order was vague as to where and when payment of fees
and fines were to be made to the probation department. However,
appellant made several timely payments to the probation department
demonstrating that he knew where and when to make his payments. 
Therefore, the order could not have been so vague as to cause harm
by being judicially noticed. Appellant does not demonstrate how
judicial notice was harmful nor does he assert that this was an
abuse of discretion. Point of error two is overruled.
Â Â The State conclusively proved at the revocation hearing that
the defendant violated a term of his probation when he tested
positive for drugs on separate occasions. Anthony Williams, an
Adult Probation Officer for Tarrant County, testified that he took
a urine sample from appellant on October 21, 1988. He took the
sample to a secured room, put a log number on it, and sealed it and
placed it in a refrigerator. He then delivered it to the
laboratory at the Texas College of Osteopathic Medicine that same
day. Clifford King, another Tarrant County Probation Officer,
testified that he collected another urine sample in the same manner
on March 17, 1988. Gary Wimbish, associate professor of pathology
at the Texas College of Osteopathic Medicine in Fort worth,
conducted tests on both urine samples given by appellant. He
conducted a drug screen and cannabinoids test and received a
positive result for cannabinoids each time. Cannabinoids are the
metabolites of marihuana. He testified that his findings showed
that marihuana had recently been used by appellant.
According to the terms of the probation order of April 14,
1987, appellant was required to:
Avoid injurious and vicious habits; (totally avoid
the possession or use of narcotics, barbiturates or habit
forming drugs, or alcoholic beverages).
The results of the urine tests established that appellant had
violated his probation. Proof of one violation is sufficient to
support revocation of probation. Williams v. State, 635 S.W.2d 214
(Tex.App.--Fort Worth, 1982, pet. ref'd). Point of error number
three is overruled.
Appellant's counsel, at the probation revocation hearing and
on appeal, was licensed to practice law on May 17, 1989, and was
appointed to represent appellant on July 25, 1989. To establish
ineffective representation, a defendant must show by a
preponderance of the evidence that counsel's conduct so undermined
the proper functioning of the adversarial process that the trial
cannot be relied on as having produced a fair result and that the
result of the proceeding would have been different. Strickland v.
Washington, 466 U.S. 668, 686, 194 S.Ct. 2052, 80 L.Ed.2d 674
(1984); Cannon v. State, 668 S.W.2d 401, 403 (Tex.Cr.App. 1984). 
Appellant has failed to carry his burden of proof. There is no
reasonable probability that the result of the outcome would have
been different had counsel had more trial experience. Appellant
tested positive for use of marihuana and nothing that any
experienced trial attorney could have done would have changed the
result of the drug test. Appellant did not demonstrate any
unprofessional errors on the part of his counsel that would have
changed the outcome of the hearing on the motion to revoke. 
Point of error number one is overruled.
The judgment is affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â VIC HALL
DO NOT PUBLISHJustice



   TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Before
Chief Justice Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Vance, and

Â Â Â Â Â Â Â Â Â Â Â  Justice
Reyna

Affirmed

Opinion
delivered and filed August 29, 2007

[CV06]









[1]
Â The following exchange took place prior to
a hearing on the merits of the petitions for divorce:

Â 

The Court:Â  OkayÂ  WhatÂs the statute?Â  Tell me the
number.

Mr. Smith:Â  ItÂs 3.403 et seq.Â  Economic
contribution has to do with the reduction of debt secured Â Â Â Â Â Â Â Â Â Â Â Â Â  by property.

Ms. Thomas:Â  ItÂs 3.402, Your Honor.

The Court:Â  Okay.Â  She didnÂt reduce the principal
amount of the debt.

Mr. Smith:Â  No.Â  ThatÂs not what sheÂs claiming.Â 
She Â itÂd be the last one, Judge.Â  What did you Â Â Â Â Â Â Â Â Â Â Â Â Â Â  say, .406?Â 
Reimbursement.

* * *

Mr. Smith:Â  ThatÂs economic contribution, but if
youÂll go on, Your Honor, thereÂs a separate Â Â Â Â Â  statute on reimbursement
which is what sheÂs claiming.Â  ItÂs not Â sheÂs not claiming an economic
contribution.

* * * 

Ms. Thomas:Â  -- she needs her separate property
estate reimbursed.

Mr. Smith:Â  -- 3.408.Â  ThatÂs a claim for
reimbursement.

Â 

RRII, p.5, 6, 7.