**Elroy CHANDLER, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 160–88.**

Court of Criminal Appeals of Texas, En Banc.

June 6, 1990.

Mark H. Woerner, Corpus Christi, for appellant.

Grant Jones, Dist. Atty. and James D. Rosenkild, Asst. Dist. Atty., Corpus Christi, Robert Huttash, State's Atty., Austin, for the State.

**OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW**

PER CURIAM.

Appellant was convicted by a jury of burglary of a habitation pursuant to V.T.C.A., Penal Code Sec. 30.02. The trial court sentenced him to sixteen years in the Texas Department of Corrections.[1] The Court of Appeals reversed his conviction and ordered an acquittal. *Chandler v. State*, 743 S.W.2d 736 (Tex.App.—Corpus Christi 1987). This Court granted the State's petition for discretionary review to determine whether the Court of Appeals erred in holding the evidence was insufficient to show an unfurnished apartment was a habitation for purposes of V.T.C.A., Penal Code Sec. 30.01(1). See Tex.R.App. Pro. 200(c)(4).

The Court of Appeals, citing to our opinion in *Jones v. State*, 532 S.W.2d 596 (Tex. Cr.App.1976), held that in order to fit within the statutory definition of a habitation a structure must be, at the time of the alleged offense, "actually adapted for the overnight accommodation of persons or at least at some prior time used for the overnight accommodation of persons and still 'adapted for the overnight accommodation of persons.' " *Chandler*, 743 S.W.2d at 737.

We have recently handed down an opinion dealing with the correct standard for determining sufficiency of the evidence to show a structure is a habitation for purposes of our burglary statute. *Blankenship v. State*, 780 S.W.2d 198 (Tex.Cr.App. 1989) (specifically overruling *Jones, supra*). We therefore reverse the judgment of the Court of Appeals and remand this case to that court for further consideration in light of this Court's opinion in *Blankenship*.

CLINTON and TEAGUE, JJ., concur in the result.

---

**1.** Now the Texas Department of Criminal Justice, Institutional Division.