**Alfonso NAVARETTE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–93–411–CR.**

Court of Appeals of Texas,
Corpus Christi.

April 21, 1994.

Elaine Sommers Brown, Victoria, for appellant.

George J. Filley, III, Dist. Atty. of Victoria County, Keith S. Weiser, Victoria, for appellee.

Before SEERDEN, DORSEY, and GILBERTO HINOJOSA, JJ.

## OPINION

DORSEY, Justice.

Alfonso Navarette appeals his conviction for burglary of a building. He pled not guilty to the charge, was tried, sentenced to 25 years confinement, and assessed a fine of $7500. Appellant claims error in the trial court's failure to suppress his pre-trial identification, contending that presenting only one suspect to the victim to identify was unduly suggestive, tainting his in-court identification, and violating his rights to due process. We affirm.

The victim of the burglary, Glenn David Wynn, was at home the afternoon of January 27, 1993 when he heard a knock at the door. He was upstairs and looked out a bedroom window. He did not see anyone at the door, but he saw an old gray Plymouth with a rusty hood, a red top, and a torn up interior parked in his driveway. He did not recognize the car. He then saw a man coming from his garage carrying a weedeater, a pouch of tools, and his bottle jack. He had a clear, unobstructed view of the man. He described the man as "a little, old, short guy, with a mustache." He noticed that the Hispanic man was wearing a brown plaid shirt over a red shirt and blue jeans. He went to another room to get something to write on and wrote down the license plate number of the car. He said he got a good look at the man both in profile and full face. The man looked up and apparently saw Wynn; he then took the weedeater and tools back towards the garage. Wynn called 911 and described the man and car to the dispatcher including the license plate number in his description. About ten or fifteen minutes later, Wynn was asked to go with a police

officer to identify a vehicle that had been stopped matching Wynn's earlier description. The trip took about five minutes. Wynn says he recognized the car and the man immediately, but the man did not have on the plaid shirt, only a red one. Appellant was standing near his car when Wynn arrived, he was not restrained in any way. While Wynn was there, an officer removed a plaid shirt from appellant's trunk. Wynn identified the shirt. At the scene there were several cars, all law enforcement vehicles except for the Plymouth. There were a number of people, all law enforcement personnel except for appellant and Wynn. Wynn could tell they were all law enforcement personnel even though some were not in uniform.

Appellant objected to Wynn's identification before trial and a hearing was held outside the presence of the jury. The court overruled the motion to suppress. At the hearing, Wynn identified appellant as the same man who took things from his garage on January 27, 1992.

■ An identification that results from the police presenting the victim with only one suspect, inferring that he is the culprit, and then asking the victim to identify the criminal, is dubious because of its suggestiveness. However, under certain circumstances, such an identification of a suspect not as part of a line up is permissible, and is termed a "one man show up." *Garza v. State*, 633 S.W.2d 508, 512 (Tex.Crim.App.1982) (op. on reh'g). Although these identifications are problematic they are not per se a violation of due process. *Id.* (citing *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972)). The totality of the circumstances is considered to determine whether the show up violated due process and whether the identification is sufficiently reliable. *Id.*; *Chandler v. State*, 743 S.W.2d 736, 740 (Tex.App.—Corpus Christi 1987), *rev'd on other grounds en banc*, 790 S.W.2d 635 (Tex.Crim.App.1990). The factors to consider include: 1) the opportunity of the witness initially to see the criminal in the commission of the crime, 2) the amount of attention the witness devoted to

observing the criminal, 3) the accuracy of the description, 4) the witness's level of certainty, 5) the time between the crime and the confrontation of the suspect in police custody. *Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977); *Delk v. State*, 855 S.W.2d 700, 705–08 (Tex.Crim. App.1993). "These and other pertinent factors are weighed against the 'corrupting effect of the suggestive identification itself.'" *Cantu v. State*, 738 S.W.2d 249, 252 (Tex. Crim.App.1987) (quoting *Manson*, 432 U.S. at 114, 97 S.Ct. at 2253).

■ In this case, Wynn had a clear opportunity to view appellant both at his house and at the show up, the lighting was good and his view was unobstructed. Wynn paid close attention, giving a detailed description of appellant's clothing, physical attributes, and his car including the license plate number. Wynn's description was accurate and verified by the officers who stopped the car.[1] Wynn was highly certain of his identification which occurred within fifteen to twenty minutes from the time appellant left Wynn's house. *See Delk*, 855 S.W.2d at 706.

Appellant suggests that Wynn's identification was tainted because the police asked Wynn to identify a vehicle they stopped which matched his description and because appellant and Wynn were the only persons present other than law enforcement personnel. Although identification can be tainted, in this instance there is no indication that Wynn's identification was affected. He specifically denied that the officers encouraged him by word or deed to identify appellant. The totality of the circumstances suggests no deprivation of due process and suggest the reliability of the identification. Points one and two are overruled.

We AFFIRM the judgment.

---

1. The record, however, does not reflect appellant's physical characteristics. We do not know whether he is a "little, old, short guy, with a mustache." The description of appellant's clothing and automobile were highly specific.