Schroeder v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-004-CR

        ROBERT CHARLES SCHROEDER,
                                                                                               Appellant
        v.

        THE STATE OF TEXAS,
                                                                                               Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 93-424-C
                                                                                                    

O P I N I O N
                                                                                                    

          Appellant Robert Charles Schroeder was convicted of aggravated robbery and sentenced
to sixty years of confinement. See Tex. Penal Code Ann. § 29.03 (Vernon Supp. 1993). 
Schroeder appeals on two points of error. We affirm.
          At approximately 10:30 p.m. on March 20, 1993, an assailant robbed Duke's Convenience
Store (Duke's) in Elm Mott. He walked past some pay telephones, entered the store, walked
toward the cashier, Mark Harcrow, carrying a pistol by his side, and demanded all of the "big
bills" in the cash register. The man wore sunglasses, a camouflaged coat, blue jeans, a white
baseball cap with lettering, and dark shoes. Besides Harcrow, five other people were present in
the store at the time of the robbery, Milton Zimmerman, his wife Patricia, and their three children.
          The Zimmermans were seated in a booth near the cash register when Schroeder entered the
store. Patricia Zimmerman watched Schroeder walk from the store entrance to the cash register. 
She noted his apparel and his pistol and watched as he pointed the gun at Harcrow and demanded
the cash.
          On April 12 Deputy Larry Abraham of the McLennan County Sheriff's Department
showed Patricia a single photograph of Schroeder. He was pictured in a "mug shot" holding a
plate with "McLennan County, Sheriff's Dept., Waco, Texas" written on it, along with an
identification number and the date. Patricia identified him from the photograph, although there
are no facts in the record to indicate her level of certainty.
          Patricia later made three more identifications of Schroeder. On April 15 she identified him
in a lineup that included five other men. Then, on the day of the trial, she made two positive in-court identification of Schroeder as the man who robbed Duke's on the night of March 20, the first
identification during a pretrial hearing on Schroeder's motion to suppress the in-court
identification and the second during the guilt-innocence stage of the trial.
          Schroeder urges two points of error on appeal: first, the trial court erred in permitting
Patricia Zimmerman to identify him in court, and, second, the evidence is insufficient to support
his conviction.
                                        I. THE IN-COURT IDENTIFICATION
          Schroeder asserts Patricia's in-court identification of him should not have been allowed
because it was tainted by two pretrial identifications which were effectuated by impermissibly
suggestive identification procedures. We disagree.
          A two-step analysis is used to determine the admissibility of an in-court identification
allegedly tainted by an impermissible pretrial identification: the first step to be considered is
whether the pretrial procedure was impermissibly suggestive; the second is whether there was a
resulting substantial likelihood of misidentification. Delk v. State, 855 S.W.2d 700, 706 (Tex.
Crim. App. 1993), cert. denied, -- U.S. --, 114 S.Ct. 481. The identification testimony will be
admissible if the indicia of reliability from an independent source or independent sources outweigh
the apparent corrupting effect of the unnecessarily suggestive pretrial occurrence. Id. at 706. 
          Although not per se violative of due process, identification procedures whereby suspects
are viewed singly have been widely condemned. Writt v. State, 541 S.W.2d 424, 427 (Tex. Crim.
App. 1976); see also Delk, 855 S.W.2d at 706; Payne v. State, 838 S.W.2d 668, 669 (Tex.
App.—Dallas 1992, no pet.).
          In determining whether the procedure followed by Deputy Abraham in showing the single
photograph of Schroeder to Patricia was impermissibly suggestive, we need to consider whether
the photograph was presented in an impartial and non-suggestive manner, and whether the
photograph, itself, was impermissibly suggestive. Because we find the photograph, itself, was
impermissibly suggestive, we will not consider the circumstances surrounding Deputy Abraham's
presentation of the photograph to Patricia.
          The photograph Deputy Abraham presented to Patricia was a mug shot of Schroeder
holding a plate with the words "McLennan County, Sheriff's Dept., Waco, Texas" written on it,
along with a date and an identification number. When a witness is shown a picture of a stranger
in a mug shot, the witness cannot help but think the person pictured has been at least suspected
of some criminal activity at some time. Consequently, there is a strong possibility that the witness
could transpose his memory of the image of the true assailant onto the photograph presented to
him, resulting in a mistaken identification. We, therefore, find the photograph, and therefore the
entire presentation procedure utilized by Deputy Abraham, was impermissibly suggestive.
          However, our inquiry does not end here. If an in-court identification can be shown to be
independently reliable, it will not violate due process notwithstanding a pretrial identification
effectuated by an impermissibly suggestive procedure. Delk, 855 S.W.2d at 706.
          "A defendant who asserts error in the admission of an allegedly tainted in-court
identification bears a difficult and heavy burden. He must demonstrate by clear and convincing
evidence that the trial identification was irreparably tainted by impermissibly suggestive pretrial
identification procedures." Jimenez v. State, 787 S.W.2d 516, 519 (Tex. App.—El Paso 1990,
no pet.). 
          The facts from a suppression hearing will be examined in the light most favorable to the
trial court's ruling. Sawyers v. State, 724 S.W.2d 24, 38 (Tex. Crim. App. 1986). The facts thus
determined will be considered under the totality of the circumstances in deciding whether the trial
court erred in finding the in-court identification independently reliable. Id. Five factors will assist
in making this determination: (1) the witness' opportunity to view the criminal at the time of the
crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the
criminal; (4) the level of certainty demonstrated at the trial confrontation; and (5) the time between
the crime and the confrontation. Delk, 855 S.W.2d at 706.
           1. Opportunity to View
          Patricia had ample opportunity to view Schroeder while he robbed Duke's. She was seated
in a booth near the cash register where Schroeder threatened Harcrow. She first viewed Schroeder
when he entered the store. She then watched him closely during the next two or three minutes as
he proceeded to walk from the entrance to the cash register and then demand the "big bills" from
Harcrow. See Holder v. State, 837 S.W.2d 802, 804 (Tex. App.—Austin 1992, pet. ref'd) (two
to three minutes ample time to view assailant); Richardson v. State, 730 S.W.2d 371, 373 (Tex.
App.—Dallas 1987), rev'd on other grounds, 761 S.W.2d 13 (Tex. Crim. App. 1988) (less than
a minute is adequate if degree of attention is high). The extended amount of time Patricia had to
view Schroeder added to the reliability of her in-court identification. 
           2. Degree of Attention
          Patricia's attention was fixated upon Schroeder. She noticed him when he first entered the
store because he was the only person in the store besides herself, her family, and Harcrow. Her
attention was drawn even closer to Schroeder as he walked from the telephone booths to the cash
register because she spotted the pistol in his right hand. Patricia's concern for her own safety as
well as her family's compelled her to focus upon Schroeder's movements with the greatest degree
of attention. See Richardson, 730 S.W.2d at 373.
          3. Accuracy of Prior Description
          Patricia, before identifying Schroeder in the single photograph, described the robber as a
man with a long, drawn face, a prominent chin, long hair, and wearing sunglasses, blue jeans,
black shoes, a camouflaged jacket, and a white hat with lettering on it. The combination of the
accuracy of this physical description along with the specificity in her recollection of Schroeder's
apparel renders Patricia's subsequent identifications in the line-up and courtroom extremely
reliable. See Delk, 855 S.W.2d at 706-707; Navarette v. State, 875 S.W.2d 452, 454 (Tex.
App.—Corpus Christi 1994, no pet.); Richardson, 730 S.W.2d at 373.
          4. Certainty in Subsequent Identifications
          Patricia identified Schroeder three times after examining the single photograph. She
positively identified him during an in-person lineup which included Schroeder and five other men. 
Later, on the day of his trial, Patricia made two more positive identifications of Schroeder, once
during the hearing on Schroeder's motion to suppress and once during the guilt-innocent phase of
the trial. The certainty of Patricia's subsequent identifications indicates she was able to identify
Schroeder not from the single photograph but from her view of him during the robbery. See
Navarette, 875 S.W.2d at 454; Holder, 837 S.W.2d at 804.
          5. Time Between Crime and Identification
          Twenty-three days passed between the commission of the robbery and Patricia's
identification of Schroeder in the single photograph. Twenty-three days was a short enough time
where Patricia would not be expected to have forgotten Schroeder's appearance. See Turner v.
State, 850 S.W.2d 762, 767 (Tex. App.—El Paso 1993) (six months not excessive); Delk, 855
S.W.2d at 707 (eighteen months).
          Considering these factors we determine that the facts evident in the record support the trial
court's implicit finding that Patricia's in-court identification of Schroeder was independently
reliable and not the product of any taint from a preceding impermissible identification. 
Consequently, Schroeder's first point is overruled.
                                        II. SUFFICIENCY OF THE EVIDENCE
          In his second point Schroeder contends the evidence admitted at his trial was insufficient
to support the jury's implied finding the he was the man who robbed Duke's on March 20. We
disagree.
          The standard of review for challenges to sufficiency claims is whether, after viewing the
evidence in the light most favorable to the judgment, any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt. Gunter v. State, 858 S.W.2d 430,
438 (Tex. Crim. App. 1993), cert. denied, -- U.S. --, 114 S.Ct. 318; Turner v. State, 805 S.W.2d
423, 427 (Tex. Crim. App. 1991), cert. denied, -- U.S. --, 112 S.Ct. 202. 
          Patricia Zimmerman identified Schroeder during the trial and provided testimony on his
actions in committing the robbery. Janet Monthie testified that she had seen Schroeder in Duke's
more than once during the day on March 20. Harcrow, while not able to identify Schroeder
positively, testified that the assailant was a man with physical characteristics similar to
Schroeder's. These facts are sufficient to support a rational trier of fact's finding beyond a
reasonable doubt that Schroeder was the man who robbed Duke's on March 20. Schroeder's
second point is overruled. Because we overrule Schroeder's two points, the judgment of the trial
court is affirmed.
 
                                                                                 BOBBY L. CUMMINGS,
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed November 16, 1994
Do not publish