11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Bernie Bernard
Cofer

Appellant

Vs.      
            No. 11-01-00223-CR  -- 
Appeal from Dallas County

State of Texas

Appellee

 

The jury
convicted Bernie Bernard Cofer of the offense of burglary of a habitation, and
the trial court assessed punishment at confinement for 10 years and a fine of
$500.  We affirm.  

Appellant
presents three issues for appellate review. 
In the second and third issues, appellant contends that the evidence is
legally and factually insufficient to prove that he was the person who
committed the offense.  In order to
determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664
(Tex.Cr.App.2000).  In order to
determine if the evidence is factually sufficient, we must review all of the
evidence in a neutral light and determine whether the evidence in support of a
vital fact is so weak as to be clearly wrong and manifestly unjust or whether
the finding of a vital fact is so contrary to the great weight and
preponderance of the evidence as to be clearly wrong and manifestly
unjust.  Goodman v. State, 66 S.W.3d 283
(Tex.Cr.App.2001); Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App.2000); Cain v.
State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126
(Tex.Cr.App.1996).  








The record
shows that the home of Claude Jones, the complainant, was burglarized on
September 11, 2000.  At about 2:00 p.m.,
Henry Smith, one of Jones=s next-door neighbors, saw a man inside Jones=s home. 
The man was carrying things out of the house.  Smith approached the man to inquire if he had permission to be
there.  The man told Smith that he was
doing some work for Jones.  Smith saw
the man put an evaporative cooler into the trunk of a car and leave.  When Jones returned home later that
afternoon and realized that his house had been burglarized, Jones contacted his
neighbors.  He received a description of
the man from Smith and information from other neighbors about where to locate
appellant=s mother, who also lived in the
neighborhood.  Jones contacted appellant=s mother, who Asaid it was her son.@  Officer Edward Calhoun
responded to the burglary call and located appellant at the location provided
by appellant=s mother. 
The officer then took appellant back to the scene of the crime.  Smith positively identified appellant as the
man he had seen taking items from Jones=s home earlier that day.  

Another
witness, Mark Knight, had seen appellant in his backyard near the time of the
burglary of Jones=s
home.  Knight chased appellant
away.  Knight also lived next door to
Jones.  Knight positively identified
appellant in court as the man he had seen in his backyard.  Both Smith and Knight saw appellant in broad
daylight and were able to describe appellant and his rather distinctive
clothing.  Appellant was wearing a pair
of Apinkish@ and white striped shorts. 
Appellant was still wearing these shorts when Officer Calhoun took him
into custody.  

We hold
that the evidence is both legally and factually sufficient to support appellant=s conviction.  The second and third issues are overruled.  








In the
first issue, appellant argues that the trial court erred in overruling his
motion to suppress the witnesses= identification of appellant. 
Appellant asserts that the pretrial, out-of-court identification
procedure was impermissibly suggestive and that it violated appellant=s right to due process under the federal and
state constitutions.  A two‑step
analysis is used to determine the admissibility of identification
evidence.  Simmons v. United States, 390
U.S. 377 (1968); Delk v. State, 855 S.W.2d 700, 706 (Tex.Cr.App.), cert. den=d, 510 U.S. 982 (1993).  First, the
out-of-court identification procedure must not be impermissibly
suggestive.  Second, based upon the
totality of the circumstances, the suggestive procedure must not give rise to a
very substantial likelihood of irreparable misidentification.  Manson v. Brathwaite, 432 U.S. 98, 114
(1977); Delk v. State, supra.  In
determining the second step, we must consider: (1) the opportunity of the
witness to view the assailant at the time of the crime; (2) the witness's degree
of attention; (3) the accuracy of his prior description; (4) the level of
certainty demonstrated by him at the confrontation; and (5) the length of time
between the offense and the confrontation. 
Manson v. Brathwaite, supra; Delk v. State, supra. 

Identification
procedures in which the police present only one suspect have been widely
condemned because of their suggestiveness. 
See Stovall v. Denno, 388 U.S. 293 (1967); Writt v. State, 541 S.W.2d
424 (Tex.Cr.App.1976).  However, under
certain circumstances, the identification of a suspect in this manner is
permissible and is not a violation of due process or due course of law.  See Neil v. Biggers, 409 U.S. 188 (1972);
Garza v. State, 633 S.W.2d 508, 512 (Tex.Cr.App.1982). 

In this
case, Smith gave a detailed description of the man he had seen taking things
from the complainant=s
house.  This description included the
man=s clothing. 
The man was wearing a very distinctive pair of Apinkish@ and white striped shorts. 
Shortly after the commission of the offense, the police took appellant
into custody and drove him back to the scene of the burglary.  Both Smith and another neighbor positively
identified appellant as the man they had seen. 
Appellant was still wearing the same distinctive shorts.  The police officer did not suggest that the
witnesses identify appellant, that appellant committed the offense, or that
appellant had already been charged with the offense.  Although he could not positively identify appellant at trial,
Smith testified that appellant looked similar to and favored the man he had
seen and identified on the day of the offense. 
We hold that the identification of appellant was not impermissibly
suggestive.  See Pace v. State, 986
S.W.2d 740 (Tex.App. - El Paso 1999, pet=n ref=d); Navarette v. State, 875 S.W.2d 452
(Tex.App. - Corpus Christi 1994, no pet'n). 
The first issue is overruled.  

The
judgment of the trial court is affirmed. 


 

JIM R. WRIGHT

JUSTICE

 

June 20, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J.