Opinion issued October 28, 2004







 
 


 



In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01144-CR




LARAE DANTA HUTCH, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 939318 




MEMORANDUM OPINION

          A jury convicted appellant, Larae Danta Hutch, of aggravated robbery. The
trial court assessed punishment at 30 years in prison and a $10,000 fine. In his sole
point of error, appellant contends that the trial court erred in admitting an in-court
identification of appellant because the identification was tainted by an impermissibly
suggestive pre-trial identification procedure.
          We affirm.
Background
          On February 12, 2003 at approximately 11:15 p.m., appellant and Shelton
Watterson entered a Texaco gas station in Houston, wearing Halloween masks. 
Appellant pointed a gun at the store’s manager, Mohamed Guedda, and ordered him
onto the floor. The masked men then took money from the cash register and
demanded that Guedda open the safe, which was located in the store’s back office. 
Once it was opened, appellant handed the gun to Watterson and began emptying the
safe. At that point, Watterson spotted Peter Gobert, Guedda’s friend who had been
taking the garbage to the dumpster when the assailants entered the store. Watterson
then ran out of the store and chased Gobert. Appellant also ran from the store,
passing Guedda on his way out. As appellant passed Guedda, appellant’s mask
slipped and Guedda saw his face. 
          After the assailants fled, Guedda telephoned the police. Gobert, who had seen
the assailants’ car, gave the police a description of the car. A short time later, the
police stopped a car matching the description given by Gobert. The car contained
appellant, Watterson, Lynette Villanueva (appellant’s girlfriend), and Kenneth
Randall (appellant’s cousin). 
          Approximately an hour after the robbery, Guedda went to the police station,
where a police officer led him into a room. The room contained another police officer
and three men: appellant, Watterson, and Randall. The police asked Guedda if any
of the three men was the assailant whose face he had seen. Guedda identified
appellant as that assailant. At trial, Guedda again identified appellant as the assailant
he saw fleeing the store.
Admissibility of In-Court Identification
          In his sole point of error, appellant contends the trial court erred in admitting
Guedda’s in-court identification of appellant because the identification had been
tainted by an impermissibly suggestive pre-trial identification procedure.
Standard of Review and Legal Principles
          The standard of review on a claim that an in-court identification should not
have been admitted due to the taint of an impermissibly suggestive pre-trial
identification procedure is set forth in Loserth v. State, 963 S.W.2d 770 (Tex. Crim.
App. 1998). Unless the ruling is based on conflicting evidence that requires an
evaluation of credibility and demeanor, the ruling is a mixed question of law and fact
that is reviewed de novo. See id. at 773. In this case, the question whether the
identification procedure was so impermissibly suggestive as to give rise to a very
substantial likelihood of misidentification is a mixed question of law and fact that
does not turn on an evaluation of credibility and demeanor. See id. at 772-73. 
          A pre-trial identification procedure may be so suggestive and conducive to
mistaken identification that subsequent use of that identification at trial would deny
the accused due process of law. Simmons v. United States, 390 U.S. 377, 384, 88 S.
Ct. 967, 971 (1968); Barley v. State, 906 S.W.2d 27, 32-33 (Tex. Crim. App. 1995). 
We apply a two-step analysis to determine the admissibility of an in-court
identification and ask (1) whether the pre-trial identification procedure was
impermissibly suggestive and, if so, (2) whether the improperly suggestive procedure
created a very substantial likelihood of irreparable misidentification. Barley, 906
S.W.2d at 33 (citing Simmons, 390 U.S. at 384, 88 S. Ct. at 971).
          With regard to the first step, we look to the totality of the circumstances
surrounding the identification to determine if the procedure was unnecessarily
suggestive. Webb v. State, 760 S.W.2d 263, 269 (Tex. Crim. App. 1988). 
Suggestiveness may be created by the manner in which a pre-trial identification
procedure is conducted. Barley, 906 S.W.2d at 33. A defendant bears the burden of
establishing by clear and convincing evidence that the pre-trial identification
procedure was impermissibly suggestive. Cienfuegos v. State, 113 S.W.3d 481, 491
(Tex. App.—Houston [1st Dist.] 2003, no pet.) (citing Barley, 906 S.W.2d at 33-34). 
Analysis
          In the instant case, Guedda was the only witness to testify at the suppression
hearing. According to Guedda, he arrived at the police station one hour after the
robbery. A police officer led him to a room. Inside the room were another police
officer and three men; the three men were seated. Guedda testified that he did not
notice whether any of the men were handcuffed. He acknowledged that the police
officers did not suggest or lead him to choose appellant. Guedda testified that, when
the masked slipped from appellant’s face, appellant turned and looked at Guedda. At
that point, Guedda saw appellant’s face for five to 10 seconds. Guedda also testified
that he recognized appellant because appellant had been in the store earlier that day
and had spoken with him.
          Appellant first asserts that the identification procedure was suggestive because
Guedda was presented with only two other men at the police station besides appellant. 
Without citation to any authority, appellant contends that, in a “normal lineup,” a
witness would be presented with five or six choices. Despite appellant’s contention,
identification procedures that include as few as three persons may be permissible if
conducted properly. See Roberts v. State, 923 S.W.2d 141, 144 (Tex.
App.—Texarkana 1996, pet. ref’d) (concluding that, from record presented, three-person lineup was not unduly suggestive); see also Navarette v. State, 875 S.W.2d
452, 454 (Tex. App.—Corpus Christi 1994, no pet.) (stating that, in some
circumstances, even one person lineup may not be impermissibly suggestive). 
          Appellant asserts that the identification procedure was not properly conducted
because Guedda could clearly distinguish the police officers present in the room from
the three suspects. Appellant further contends the procedure was impermissibly
suggestive because appellant was presented to Guedda in a police station, obviously
in custody. However, Guedda testified that he did not know if the men he was shown
were, or were not, under arrest at the time of the identification. He also testified that
the police never stated that the three men were suspects. Specifically, Guedda
testified as follows:
Q:      What did the police tell you about those guys?
A:      The police, okay, asked me, is the guy with them.
Q:      Is what?
A:      Is the guy who did rob me with one of those guys, if he’s one of them.
Q:      Was any of the guys handcuffed?
A:      No, sir. I didn’t see any handcuffs on any – actually, I didn’t pay attention
to it.
          Lastly, appellant complains on appeal that the identification procedure in
this case was impermissibly suggestive because there was no evidence presented
that the other two men at the police station resembled either appellant or any
description that had been given of the assailant. Appellant fails to recognize that
he, not the State, bore the burden of showing that the identification was
impermissibly suggestive. Cienfuegos, 113 S.W.3d at 491. Thus, any evidence
necessary to support appellant’s contention that Watterson and Randall were
dissimilar in appearance from appellant was for appellant to present at the
suppression hearing. See Page v. State, 125 S.W.3d 640, 647 (Tex.
App.—Houston [1st Dist.] 2003, pet. ref’d). The record indicates that no such
evidence was introduced.
          After our de novo review of the mixed question of law and fact presented,
we conclude that appellant did not show by clear and convincing evidence that the
pre-trial identification procedure was impermissibly suggestive. Accordingly, we
hold that the trial court did not err in denying appellant’s motion to suppress
Guedda’s pre-trial identification and his in-court identification of appellant as one
of the assailants.
          We overrule appellant’s sole point of error.
 
ConclusionWe affirm the judgment of the trial court.
 
 
 
 
                                         Laura C. Higley 
                                         Justice 
 
Panel consists of Justices Nuchia, Hanks, and Higley.
 
Do not publish. Tex. R. App. P. 47.2(b).