IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00023-CV

No. 10-03-00024-CV

 

O'CONNOR INTERNATIONAL, INC.,

                                                                      Appellant

 v.

 

MARIE GORADIA AND VIJAY GORADIA,

                                                                      Appellees

 

 



From the 221st District Court

Montgomery County, Texas

Trial Court # 02-10-06892 CV

 



MEMORANDUM OPINION



 

On April 23, 2003, we abated this consolidated appeal,
having been notified that Appellant, O’Connor International, Inc., had filed a
bankruptcy proceeding.  Tex. R. App. P.
8.1.  Further action was automatically stayed.  See 11 U.S.C. § 362.

For administrative purposes, this consolidated appeal
remains suspended and will be treated as closed unless reinstated on a proper
motion.  Tex. R. App. P. 8.2.  It
may be reinstated on motion of any party showing that the stay has been lifted
or modified and specifying what action, if any, is required from this Court
upon reinstatement of the appeal.  Tex.
R. App. P. 8.3.

          The reporting requirement of Local
Rule 17 is suspended.  10th Tex. App. (Waco) Loc. R. 17.

          The Clerk of this Court is directed to
transmit a copy of this opinion to the attorneys of record, the trial court
judge, and the trial court clerk.

 

PER CURIAM

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Suspension
continued; appeal administratively closed

Opinion
delivered and filed January 24, 2007

[CVPM]






ont-size: 14pt">                                                                                                                

      Randy Pendergrass was convicted of sexual assault as an habitual offender. Tex. Pen. Code
Ann. § 22.011 (Vernon Supp. 1998). He pled true to the enhancement and habitual allegations
in the indictment, and the jury assessed punishment at life imprisonment. He appeals his
conviction, presenting two issues for review. Pendergrass complains that the court erred in
admitting the complainant’s identification of him as the offender because the identification was
unreliable. He further argues that the State’s jury argument was “so prejudicial that an instruction
to disregard would not have cured the harm,” thus resulting in egregious harm requiring a remand. 
Finding no error, we affirm the judgment.
Facts 
      S.L., a fourteen-year-old child, skipped school on November 6, 1995, with the intention of
running away from home. She went to a laundromat in Bellmead, where she met Pat Allen and
J.D. Glover. After talking for a while, S.L. went to Allen’s home with the two of them. Over
the course of the day, several people came and went from Allen’s home, including Mark Gray,
who is Allen’s husband, and Pendergrass.


 While at Allen’s, S.L. consumed enough alcohol to
render her unconscious, and Pendergrass allegedly assaulted her. S.L. apparently passed in and
out of consciousness while being assaulted and remembers only portions of what occurred.



Erroneous Jury Argument
      Pendergrass complains of improper jury argument in his second issue. He recognizes his
failure to object to this argument at trial, but urges us to consider his complaint even in the
absence of a trial objection, arguing that “an exception [to the objection requirement] exists when
the prosecutor’s argument is so prejudicial that an instruction to disregard would not have cured
the harm.” We decline to do so.
      Before a defendant will be permitted to complain on appeal about an erroneous jury argument
or that an instruction to disregard could not have cured the argument, he must show he objected
at trial and pursued his objection to an adverse ruling. In Cockrell v. State, 933 S.W.2d 73, 89
(Tex. Crim. App. 1996), the Court of Criminal Appeals, citing former Appellate Rule 52(a),



overruled previous decisions holding that a defendant may complain for the first time on appeal
about an unobjected-to, erroneous jury argument that could not have been cured by an instruction
to disregard (i.e., Romo v. State, 631 S.W.2d 504, 505 (Tex. Crim. App. 1982), and Montoya v.
State, 744 S.W.2d 15, 37 (Tex. Crim. App. 1987) (holding a defendant's failure to pursue to an
adverse ruling his objection to a jury argument does not constitute a waiver where an instruction
to disregard could not have cured the erroneous jury argument)). “A defendant's ‘right’ not to
be subjected to incurable erroneous jury arguments is one of those rights that is forfeited by a
failure to insist upon it.” Id. (citing Marin v. State, 851 S.W.2d 275, 279 (Tex. Crim. App.
1993); Campbell v. State, 900 S.W.2d 763, 774-77 (Tex. App.—Waco 1995, no pet.) (Thomas,
C.J., concurring)). Because Pendergrass failed to object to the State’s argument at trial, we hold
he forfeited his right to complain about the argument on appeal. Issue two is overruled.
Identification Procedures
      Pendergrass’ first issue complains that the court erred by permitting S.L. to identify him as
the assailant “where the pre-trial identification procedures were unnecessarily suggestive and
conducive to irreparably mistaken identification and where the totality of the circumstances
indicated that her identification of him was unreliable.” 
      S.L. identified Pendergrass as her assailant four times. The night of the attack, Officer James
Cooper showed S.L. photocopies of three driver’s license photographs. These were pictures of
Gray, Glover, and Pendergrass. S.L. identified each by name and identified Pendergrass as the
person who assaulted her. Two months later, S.L. again identified Pendergrass as her assailant
when shown a photographic lineup with six photos. At the hearing on the motion to suppress,
S.L. once again identified Pendergrass, and finally, S.L. made an in-court identification of him
during her testimony at trial. 
      Pendergrass objected to the admissibility of both the in-court and out-of-court identifications
because the initial array was impermissibly suggestive in that only three photos were shown to
S.L., she was in custody at the time, she was drunk, and she was only fourteen-years-old. 
Pendergrass claims that this impermissible identification tainted all further identifications. 
      We review the court’s decision to admit identification evidence under an abuse of discretion
standard. Woodward v. State, 931 S.W.2d 747, 751 (Tex. App.—Waco 1996, no pet.) To prove
an abuse of discretion, Pendergrass must show that the pretrial procedure was impermissibly and
unnecessarily suggestive, and that the procedure resulted in a very substantial likelihood of
irreparable misidentification. Barley v. State, 906 S.W.2d 27, 33 (Tex. Crim. App. 1995);
Espinoza v. State, 955 S.W.2d 108, 115 (Tex. App.—Waco 1997, pet. ref’d). The facts will be
considered under the totality of the circumstances in deciding whether the trial court erred in
finding the identification reliable. Id. Five factors will assist in making this determination: (1)
the witness' opportunity to view the criminal at the time of the crime; (2) the witness' degree of
attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of
certainty demonstrated at the trial confrontation; and (5) the time between the crime and the
confrontation. Barley, 906 S.W.2d at 34; Espinoza, 955 S.W.2d at 115. 
      S.L. testified that she first saw Pendergrass sometime in the afternoon of November 6. She
testified that she sat in the living room with James Dougherty and Pendergrass talking and
drinking for quite a while. She testified that it was light in the house and that she could see him
clearly. She described how Pendergrass looked that day, indicating that he had a moustache,
“scuffy” facial hair, and “hat hair.” S.L. testified that, even though she was intoxicated and
passing in and out of consciousness, she saw Pendergrass while he was assaulting her, she heard
his voice, and she knew it was Pendergrass. 
      S.L. never failed to identify Pendergrass as her assailant, nor did she ever mistakenly
identifying anyone else. Although S.L. was shown only three photographs in the initial array, this
does not necessarily render the identification procedure improper. In some instances, a “showup,”
which consists of showing the witness only one photo of the suspect, can be justified by exigent
circumstances. See Navarette v. State, 875 S.W.2d 452, 454 (Tex. App.—Corpus Christi 1994,
no pet.) S.L. and Officer Cooper each testified that no one suggested that the assailant was in the
photographs or that S.L. should pick one as the assailant. Furthermore, S.L. identified
Pendergrass in court and testified that her in-court identification was based on the assault and not
on the photos she was shown earlier. Based on the totality of the circumstances, S.L.’s
identification of Pendergrass as her assailant was reliable. The trial court did not abuse its
discretion in admitting the identification evidence. Issue one is overruled.
      The judgment is affirmed.

                                                                       BILL VANCE
                                                                       Justice
Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed June 17, 1998
Do not publish