# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00547-CR

**Richard Cartrell Haynes, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. D-1-DC-12-205144, HONORABLE JON N. WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Richard Cartrell Haynes was charged with burglary of a habitation. *See* Tex. Penal Code § 30.02(a) (prohibiting crime of burglary), (c)(2) (setting offense level for burglary of habitation). After a trial, the jury found Haynes guilty of the charged offense. Subsequently, Haynes pleaded true to 2 felony-enhancement allegations, and the district court imposed a sentence of 30 years' imprisonment. *See id.* § 12.42 (elevating permissible punishment range for repeat-felony offenders). Haynes appeals his conviction, and we will affirm the district court's judgment of conviction.

## DISCUSSION

On appeal, Haynes contends that the evidence was insufficient to show that the structure that he entered was a habitation. In particular, he argues that there was no proof that the structure was adapted "for overnight accommodation of persons." When making this argument, Haynes notes that no evidence was introduced showing that the structure had bedrooms, a kitchen,

or household furnishings. Accordingly, he asks this Court to reform his judgment to reflect a conviction for the lesser-included offense of burglary of a building or of criminal trespass.

Under the Penal Code, an individual commits burglary "if, without the effective consent of the owner, the person . . . enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault." Tex. Penal Code § 30.02(a)(1). As mentioned above, Haynes does not challenge the sufficiency of the evidence showing that he entered a structure with the intent to commit theft; on the contrary, he only asserts that the evidence was insufficient to show that the structure was a habitation. The Penal Code defines "[h]abitation" as "a structure or vehicle that is adapted for the overnight accommodation of persons, and includes: (A) each separately secured or occupied portion of the structure or vehicle; and (B) each structure appurtenant to or connected with the structure or vehicle." *Id.* § 30.01(1). A determination regarding whether a particular structure is suitable for overnight accommodations involves complex and subjective fact questions, which are well-suited for resolution by juries. *Salazar v. State*, 284 S.W.3d 874, 877 (Tex. Crim. App. 2009). When making this determination, juries may consider "the type of structure," "its typical use," and its contents, "including bedding, electricity, plumbing, or furniture." *Id.* The jury may also consider "whether someone was using the structure . . . as a residence at the time of the offense." *Blankenship v. State*, 780 S.W.2d 198, 209 (Tex. Crim. App. 1989) (op. on reh'g).

In a legal-sufficiency review, appellate courts view the evidence in the light most favorable to the verdict and determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). When performing this analysis, a reviewing court must bear in mind that it is the fact-

2

finder's duty to weigh the evidence, to resolve conflicts in the testimony, and to make reasonable inferences "from basic facts to ultimate facts." *Id.* Furthermore, reviewing courts must "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). Moreover, reviewing courts presume that conflicting inferences were resolved in favor of the conviction and defer to that resolution. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

The structure at issue is a home owned by John Waltrip. During the trial, Waltrip explained that he has lived in the home since 2007 and continued to live in the home after the incident. Further, he related that although he was not present at the time of the alleged offense because he spent the night at his girlfriend's house, he was home the day before. In addition, he stated that his home had a working alarm system. Further, when describing the damage that had been done, Waltrip mentioned that his home had a laundry room.

In addition to the testimony from Waltrip, the State admitted pictures of the home as exhibits. Those pictures reveal that the structure was a single-family home with a brick exterior, a roof, a laundry room, an attached garage, and a paved driveway.[1] *See Jones v. State*,

---

[1] In his brief, Haynes cites *Chandler v. State* for the proposition that a structure's outside appearance is irrelevant. 743 S.W.2d 736, 738 (Tex. App.—Corpus Christi 1987) ("*Chandler I*"). However, we find Haynes's reliance on this case misplaced. On appeal, that opinion was reversed by the court of criminal appeals. *Chandler v. State*, 790 S.W.2d 635 (Tex. Crim. App. 1990). Moreover, the court of criminal appeals noted that the primary precedent relied on in *Chandler I* had recently been overruled and that a new "standard for determining sufficiency of the evidence to show a structure is a habitation" had been established. *Id.* at 635 (noting that *Jones v. State*, 532 S.W.2d 596 (Tex. Crim. App. 1976), was overruled by *Blankenship v. State*, 780 S.W.2d 198 (Tex. Crim. App. 1989) (op. on reh'g)); *see also Blankenship*, 780 S.W.2d at 209 (authorizing consideration of type of structure "(e.g. house, apartment, condominium . . . )" when deciding if structure is accommodation).

No. 01-09-00267-CR, 2010 Tex. App. LEXIS 10279, at *15 (Tex. App.—Houston [1st Dist.] Dec. 30, 2010, no pet.) (mem. op., not designated for publication) (concluding that structure was habitation after considering, among other evidence, photos showing "that the house was a fully-enclosed, brick, one-story, single-family dwelling with a roof, a paved driveway, and an attached garage" and explaining that single-family residences are intended to be used to accommodate people overnight); *cf. Hicks v. State*, 204 S.W.3d 505, 507 (Tex. App.—Amarillo 2006, no pet.) (mem. op.) (determining that "minimal evidence cited by" defendant would not have permitted "a rational factfinder to conclude that . . . [structure] was only a building and not a habitation" when evidence showed that structure was designed to be lived in, was wired for electricity, had running water and gas, had kitchen and bathroom, and had appliances and noting that "no other evidence appears of record suggesting that the structure lacked the status as a habitation"). Moreover, the pictures seem to depict that the structure was fully enclosed. Further, the pictures show that the home contained appliances, clothing, a bicycle, tools, and cleaning supplies. In addition, the photos demonstrate that the home had working electricity because an exterior light is illuminated in several of the photos. *Cf. In re E.P.*, 963 S.W.2d 191, 192 (Tex. App.—Austin 1998, no pet.) (concluding that evidence was sufficient to show that vacant unit was habitation when evidence showed, among other things, that apartment was surrounded by other units and had running electricity and water). Furthermore, a video from the dashboard camera of one of the responding officers was admitted as an exhibit, and that video depicts the home in a residential neighborhood with accompanying bike lanes.[2]

---

[2] As support for his assertion that the evidence was insufficient to support his conviction, Haynes primarily relies on *Moss v. State*, 574 S.W.2d 542 (Tex. Crim. App. 1978). However, we

In light of all of the evidence summarized above as well as the reasonable inferences that the fact-finder could have made from that evidence and given that the standard of review for legal-sufficiency challenges obligates appellate courts to defer to the fact-finder's resolution of conflicts in the testimony and to review the evidence in the light most favorable to the verdict, *see Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778; *Hooper*, 214 S.W.3d at 16-17, we cannot conclude that the evidence was legally insufficient to support the jury's determination that the structure was a habitation. Accordingly, we overrule Haynes's issue on appeal.

## CONCLUSION

Having overruled Haynes's issue on appeal, we affirm the district court's judgment of conviction.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed: September 16, 2014

Do Not Publish

---

find *Moss* to be distinguishable from the circumstances present in this case. In *Moss*, the structure at issue had not been occupied for several months and had no running water. *Id.* at 544-45. In addition, there was evidence showing that the structure had no light bulbs and that the "stove and heaters were not connected." *Id.* at 545. Moreover, the owner of the property testified that the items that were in the house were there "for storage only, and that in order to rent the house she would have had to move them out and install other furniture and appliances." *Id.*