ACCEPTED
03-15-00239-CR
7913693
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/19/2015 4:28:41 PM
JEFFREY D. KYLE
CLERK

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/19/2015 4:28:41 PM
JEFFREY D. KYLE
Clerk

COURT OF APPEALS NUMBER 03-15-00239-CR

(District Court Number 71,325)

**********

IN THE COURT OF APPEALS FOR THE STATE OF TEXAS

(Third Supreme Judicial District)

**********

TRACY LARANCE GORDON Appellant

vs.

THE STATE OF TEXAS

**********

Appealed from the 264th Judicial District

Court of Bell County, Texas

**********

APPELLANT'S BRIEF

**********

Respectfully Submitted,

TROY C. HURLEY
Attorney for Appellant
P.O. Box 767
312 East Central Avenue
Belton, Texas 76513
Telephone :(254) 939-9341
FAX: (254) 939-2870
SBA No. 10312000

LIST OF PARTIES


TRACY LARANCE GORDON
TDCJ No. O1990081
Polunsky Unit
3872 FM 350 South
Livingston, Texas 77351


MICHAEL F. WHITE, Attorney at Trial
100 Kasberg Drive, Suite A
Temple, Texas 76502


Troy C. Hurley, Attorney on Appeals
P.O. Box 767
Belton, Texas 76513

Bob D. Odom, Attorney for State
P.O. Box 540
Belton, Texas 76513


i

TABLE OF CONTENTS

ITEMS                                                PAGES

LIST OF PARTIES.................................. i

INDEX OF AUTHORITIES ............................ ii

STATEMENT OF THE CASE............................ 1

APPELLANT'S ISSUE PRESENTED ..................... 3

FIRST ISSUE PRESENTED (Restated).................. 3

SUMMARY OF THE ARGUMENT.......................... 6

ARGUMENT AND AUTHORITIES ........................ 7

CONCLUSION AND PRAYER ........................... 9

CERTIFICATE OF SERVICE UPON STATE ................ 10

CERTIFICATE OF SERVICE UPON APPELLANT ............ 12

LETTER OF TRANSMITTAL TO APPELLANT ..............13-14

CERTIFICATE OF COMPLIANCE........................15

INDEX OF AUTHORITIES

CASES                                                          PAGES

Blankenship v. State, 780 S.W.2d 198
              (Tx.Cr.App. 1989)...........   9


Chandler v. State; 790 S.W.2d 635
              (Tx.Cr.App. 1990)............   9


Jones v. State, 532 S.W.2d 596
              (Tex.Cr.App. 1976)............   9
                overruled on other grounds.

Moss v. State, 574 S.W.2d 542
              (Tx.Cr.App. 1978)............   9
                overruled on other grounds.

OTHERS


Texas Penal Code

    Article 32.01 . . . . . . . . . . . . . . . . . .7

    Article 32.02 . . . . . . . . . . . . . . . . . .7

No. 03-15-00239-CR

(District Court Number 64,040)

TRACY LARANCE GORDON ) IN THE 264th JUDICIAL
Appellant )
)
VS. ) DISTRICT COURT OF
)
THE STATE OF TEXAS ) BELL COUNTY, TEXAS

APPELLANT'S BRIEF

TO THE HONORABLE JUDGES OF THE TEXAS COURT OF APPEALS:

STATEMENT OF THE CASE

Appellant was charged with the felony offense of Burglary of a Habitation. The indictment alleges that on or about March 12, 2013, the Appellant did then and there intentionally or knowingly enter a habitation, without the effective consent of Norma and Jerrick Bourgeois, the owner thereof, and attempted to commit and committed theft of property, to-wit; a refrigerator.

The indictment further alleges that the Appellant, before the commission of this alleged offense, on the 11th day of September, 2003, in the 264th District Court of Bell County, Texas in Cause Number 53,893, was convicted of the felony offense of Possession of a Controlled Substance (Repeat Offender).

-1-

The indictment was returned by the Grand Jury for the 426th Judicial District Court of Bell County, Texas, on May 22, 2013. (CR-I-4).

Michael F. White, of Temple, Texas, represented the Appellant at trial (CR-I-11; RR-V-2). A trial before the Court was held before the Honorable Martha J. White, Judge for the 264th Judicial District Court of Bell County, Texas, on January 12th, February 3, and March 19, of 2015. Appellant was found guilty by the Court on February 3, 2015 (CR-I-50 through 52; RR-VI-71). The Appellant had elected to have punishment set by the Court by virtue of is waiver of a jury trial (CR-I-35 and 36).

On March 19, 2015, the punishment phase of the trial was held (CR-I-50 through 52; RR-VII-4 through 43). The court assessed punishment at Life in the Texas Department of Criminal Justice, Institutional Division (CR-I-50 through 52; RR-VII-41).

Appellant gave written Notice of Appeal on March 24, 2015, (CR-I-43; RR-VII-42 and 43). Counsel was appointed to represent Appellant on appeal on March 31,

2015.

References to the record in the brief are based on the following chart:

Clerk's Record--CR-I

Reporter's Record

    RR-I--Master Index

    RR-II—-Writ of Habeas Corpus Hearing held May 3, 2013

    RR-III—-Pre-trial Hearing held January 8, 2015

    RR-IV--Pre-trial Hearing held January 12, 2015

    RR-V—Non-jury Trial held January 12, 2015

    RR-VI--Sentencing Hearing held on February 3, 2015

    RR-VII--Sentencing Hearing held on March 19, 2015

    RR-VIII—-Exhibit Volume

## ISSUE PRESENTED

The State of Texas' evidence does not support the Trial Court's finding of Guilty of the offense of Burglary of a Habitation.

## STATEMENT OF FACTS FOR ISSUE PRESENTED

On March 12, 2013, officers of the Killeen, Texas, Police Department were sent to a location in the city limits of Killeen.  That location was 3306 Thunder Creek Road, Killeen, Texas. (RR-VI-8)

The officers who responded were Officers James Plank and Christopher Williams. (RR-VI-8 and 9)  Upon arrival, the officers made contact with Appellant, Tracy Larance Gordon, (RR-VI-9) and another person by the name of Keith Simms. (RR-VI-10)  They were walking out of the garage of a vacant house at that address.

When Officer Plank asked Appellant what they were doing there, he reported that his wife had purchased the vacant house and they were there to clean the house up (RR-VI-11).  Plank indicated that this was plausible because there was a "For Sale" sign in the front yard.

In order to check their story, Plank made contact with the person who had called the police and lived across the street from 3306 Thunder Creek Road. (RR-VI-

-4-

12)  He then returned to the vacant house to speak further with the Appellant.  He noticed that there was a garden hose connected to the water heater. Appellant explained that the water and other utilities were not turned on, so they were going to use the water in the water heater to clean the house. (RR-VI-13).

Plank stated that he saw refrigerator doors and shelves inside the garage on the floor (RR-VI-13). When he entered the house, he noticed that there were pieces of a refrigerator there also and that the back door to the house had been kicked in. (RR-VI-16 and 17).

They returned to the garage, a car pulled up, man got out and approached them.  This man told them that he was the realtor who had the contract to sell the house and his name was Franklin Adams.  Plank told Adams what the Appellant had told him about buying the house and Adams said this was not true and he believed Appellant and Simms were probably there to steal household appliances ((RR-VI-18).  The Appellant was placed under arrest at this time.

When questioned by Appellant's counsel, Plank made the statement that the only things in the house were appliances; no other types of furniture were present in the house (RR-VI-19).  There were no furnishings in the living room or the bedrooms. He said that when he was dispatched to the address, he was told that the house

was supposed to be vacant and had been for quite some time (RR-VI-20).

Franklin Adams testified on examination by the State that the electricity and water service to the house had been totally disconnected and it would require work by the utility companies  to re-establish service (RR-VI-29).

On cross-examination, Mr. Adams restated that on the day of Appellant's arrest, there was no electricity in the house that he was arrested in. (RR-VI-36)  He also testified that there was no running water available in the house on that date.  He agreed with the Appellant's counsel that the house had been vacant for seven (7) or more months and there had been no furnishings or utilities there during that time (RR-VI-37).

SUMMARY OF THE ARGUMENT

Article 32.02, <u>Texas Penal Code</u>, states that a person commits an offense if, without the effective consent of the owner, they enter a habitation or building, not open to the public, with the intent to commit or commits a felony, theft, or an assault.  The statute further states the offense is a state jail felony if the building is not a habitation; a felony of the second degree if the building is a habitation; and the crime intended was a theft.

Article 32.01, <u>Texas Penal Code</u>, entitled "Definitions" states that a habitation means a structure adapted for overnight accommodation of persons.

The structure involved in the case before the Court does not meet the qualifications required by law to be considered to be a "habitation".

By wrongfully classifying the structure involved in the offense a habitation, the Trial Court subjected Appellant to maximum sentence of twenty (20) years the the prison.  If the structure had been correctly classified as a building, the maximum sentence

-7-

Appellant faced would have been two (2) years in a State Jail.

Further, because the Trial Court made a finding that Appellant had been previously found guilty of a prior felony conviction, Appellant was subjected to and received a Life Sentence in prison.

ARGUMENT AND AUTHORITIES

Texas law has long held that for a building to qualify for the designation "habitation" it must be adapted for the overnight accommodation of persons. That includes having working utilities, such as, electricity, water, and natural gas that are connected to the house and actually functional.

It also contemplates there be furnishings in the house that make it livable.  This would contemplate things such as bedroom furniture, living room chairs and/or couches.  It would also include working kitchen appliances and bathroom accommodations.  These items would meet the requirement only if they were capable of carrying out their designed use.

A house built and designed to be a place for

persons to reside would not qualify as "habitation" if it did not meet this criteria. If the structure has been abandoned or vacant for a long period of time, this would add to the argument that it did not qualify as a "habitation". <u>Jones v. State</u>, 532 S.W.2d 596 (Tex.Cr.App. 1976) overruled on other grounds; <u>Moss v. State</u>, 574 S.W.2d 542 (Tx.Cr.App. 1978) overruled on other grounds; <u>Blankenship v. State</u>, 780 S.W.2d 198 (Tx.Cr.App. 1989); and <u>Chandler v. State</u>; 790 S.W.2d 635 (Tx.Cr.App. 1990).

By finding Appellant guilty of a Burglary of a Habitation, as opposed to Burglary of a Building, Appellant was found guilty of a Second Degree Felony with a maximum possible punishment of twenty (20) years. If he had been found guilty of the proper charge, the maximum punishment would have been two (2) years for a State Jail Felony. Since the Trial Court also made a finding that Appellant had a prior felony conviction, he was sentenced to Life in prison. This shows an unconscionable disparity of the punishment received by Appellant. Because of this error, the conviction should be reversed.

CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, the Appellant requests the Court to reverse the conviction of the Appellant on the basis of the errors stated and remand the case for a new trial.

Respectfully Submitted,

/s/ Troy C. Hurley
TROY C. HURLEY
Attorney for Appellant
P.O. Box 767
312 East Central Avenue
Belton, Texas 76513
(254) 939-9341
FAX (254) 939-2870
SBA No. 10312000

CERTIFICATE OF SERVICE UPON STATE

This is to certify that a true and correct copy hereof was served upon Bob D. Odom, counsel for the State of Texas, at the Bell County District Attorney's Office in Belton, Texas, on this the 19th day of November, 2015.

/s/ Troy C. Hurley
TROY C. HURLEY
Attorney at Law

CERTIFICATE OF SERVICE UPON APPELLANT

I, the undersigned court-appointed counsel for Appellant, hereby certify that a true and correct copy hereof has been served upon the Appellant by depositing same, properly addressed to him:

TRACY LARANCE GORDON
Inmate No. 01990081
Polunsky Unit
1872 FM 350 South
Livingston, Texas 77351

in the United States Mail. I further certify that a letter to Appellant, which is attached hereto, accompanied the copy of the brief and advised him of his right to add to or delete from this brief. Appellant was also advised of his right to a copy of the record of the proceedings against him.

SIGNED this 19th day of November, 2015.


/s/ Troy C. Hurley
TROY C. HURLEY
Attorney at Law

**TROY C. HURLEY**
**Attorney at Law**
**P.O. Box 767**
**312 East Central Avenue**
**Belton, Texas 76513**
**(254) 939-9341   FAX (254) 939-2870**


November 19, 2015

TRACY LARANCE GORDON
Inmate No. 01990081
Polunsky Unit
1872 FM 350 South
Livingston, Texas 77351


Re: Tracy Larance Gordon v. State
    Cause No. 03-15-00239-CR
    (Dist. Ct. No. 71,325)


Dear Mr. Gordon:

Enclosed you will find a copy of the brief which we are filing in your behalf in the Texas Court of Appeals in Austin, Texas.  You are hereby advised that you have a right to add to or delete from this brief should you desire to do so.  We would further advise you that, as an indigent, you may request a record in your case by contacting the District Clerk at the Bell County Courthouse in Belton, Texas.

-13-

We will continue to keep you informed of the progress of your appeal.

Sincerely,


/s/ Troy C. Hurley
Troy C. Hurley
Attorney at Law

TCH/lt
Enclosure

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the length limitations of Texas Rule of Appellate Procedure 9.4(i)(3) as this brief contains one thousand four hundred seventy-seven (1,477) words, excluding the parts of the brief exempted by Texas Rule of Appellate Procedure 9.4(i)(1); a number which is less than the 15,000 words allowed under Rule 9.4(i)(2)(B).

I also certify that this brief complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e) because this has been written with a conventional typeface using a 14-point font (with footnotes no smaller than 12-points) using Microsoft Office Word 2010 (version 14), in Courier New font.

/s/ Troy C. Hurley
Troy C. Hurley